Brook J. Carroll, SBN 210659
5450 Telegraph Road, Ste. 200
Ventura, CA 93003
bcarroll@hathawaylawfirm.com
PH: (805) 644-7111   FAX: (805) 644-8296

Lane Powell PC
Joseph P. Lynam
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Fax: 206.223.7107
lynamj@lanepowell.com

**Attorneys for Plaintiff BEINER ENTERPRISES, Inc.**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEINER ENTERPRISES, Inc., <br><br> Plaintiff(s), <br><br> vs. <br><br> ADAM CALDWELL, Inc., et al. <br><br> Defendant(s). | **CASE NO.: 2:13 CV8723 ABC MRWx** <br><br> Hon. Audrey B. Collins <br> **Complaint filed: September 5, 2013** <br><br> **JOINT RULE 26(f) REPORT** |

## JOINT DISCOVERY PLAN

The parties file this report of their conference under Federal Rule of Civil Procedure 26(f).

## INTRODUCTION

1.  Brook J. Carroll, 5450 Telegraph Road, Suite 200, Ventura, CA 93003 and Joseph Lynam of Lane Powell represents plaintiff/cross-defendant Beiner Enterprises, Inc. ("Plaintiff"). Plaintiff will be filing shortly a substitution as to Mr. Lynam. Beth Terrell and Mary Reiten of Terrell Marshall Daudt & Willie PLLC,

936 N 34th Street, Suite 300, Seattle, WA 98103 represent defendant/counter-claimants Adam Caldwell, Inc. and Jennifer Caldwell ("Defendants").

2. On December 19, 2013, attorneys for Plaintiff and Defendant met telephonically to confer on the matters outlined in Rule 26(f), Local Rule 26-1, and the Court's standard scheduling order. The parties note that since this matter was transferred to the Central District, this Court has not yet issued an order setting the date for the scheduling conference. The parties respectfully request that the Court set a scheduling conference and further respectfully request that the Court permit the parties' counsel to attend the scheduling conference by telephonic appearance (as all counsel are located outside of Los Angeles County).

## CLAIMS & DEFENSES

3. **Plaintiff's Contentions**: From 2004 through the summer of 2013, Plaintiff and Defendants were in a business relationship involving the commercial sales of electric motor controls and related accessories. Electric motor controls are used to operate various industrial machines. Plaintiff contends that this relationship ended in the summer of 2013.

Plaintiff contends that the defendants are infringing on the unregistered mark B&B ELECTRIC SALES. Plaintiff contends that defendant is unfairly competing under the Lanham Act and state law. Further, Plaintiff contends that Defendants owe Plaintiff money based on their prior business arrangement and relationship and that Defendants have caused Plaintiff damages because of Defendants' breach of their business relationship and interference with Plaintiff's business, goodwill and the potential sale of certain business assets to third parties. Finally, Plaintiff contends that Defendants have retained business assets (FF&E) and business data that belong to the Plaintiff. The plaintiff asserts damages of the cash on hand in July 2013 of at least $58,520, and the accounts receivables of at least $461,129.87, lost profits and/or gains of approximately $2,000,000 and other general and special damages subject to proof. Plaintiff may also seek preliminary injunctive relief.

4. **Defendant's Contentions**: Defendants contend that the relationship between the parties consisted of a general partnership and that Plaintiff breached its fiduciary duties to the partnership by attempting to force a sale of ACI without ACI's knowledge or permission. Defendants also contend that Plaintiff breached its fiduciary duties to the partnership and committed tortious interference with ACI's prospective business advantage when it disclosed vendor lists to a competitor and contacted vendors to persuade them not to sell to ACI on the false grounds that ACI was going out of business.

Defendants seek dismissal of Plaintiff's complaint in its entirety and damages of over $500,000 for lost sales and lost goodwill caused by Defendant's breach of fiduciary duties.

5. **Motions to Amend or Add Parties**: The parties do not anticipate adding additional parties to the action. Plaintiff may wish to amend its Complaint. The parties request that the Court set a deadline of February 19, 2014 for the filing of any motions for leave to amend the pleadings.

## DISCOVERY PLAN

6. **Initial disclosures under Federal Rule of Civil Procedure 26(a)(1)**: The parties will make their initial disclosures as required by Rule 26(a)(1), on or before January 17, 2014.

7. **Pretrial Disclosures Under Federal Rule of Civil Procedure 26(a)(3)**: The parties will make their pretrial disclosures no less than (30) days before trial, as required by Rule 26(a) (3).

8. **Scope of Discovery**:
   a. Plaintiffs: Plaintiff believes that discovery should be conducted on all issues simultaneously and also that it should terminate on all issues simultaneously.
   b. Defendant: Defendants believe that discovery should be conducted on all issues simultaneously and also that it should terminate on all issues simultaneously.

9. **Discovery of Electronically Stored Information**: The parties do not believe that there are any specific issues requiring the Court's attention at this time related to the discovery or production of electronically stored information. The parties expect that discovery will include discovery of electronically stored information and that suitable protocols will be negotiated and implemented and, if necessary and appropriate to do so, presented to the Court for approval before production of the same. The parties anticipate that a protective order will be necessary.

10. **Asserting Claims of Privilege & Protection**: The parties agree that before disclosure of any proprietary or confidential information, it will be necessary to enter a protective order that staggers production into hierarchies of "Confidential" and "Attorneys Eyes Only" categories (recognizing that the latter designation is unlikely to be used in this matter). To facilitate the discovery of these materials and reduce costs and delays, the parties (1) suggest that all claims of privilege, protection, or other exemption from discovery be asserted and resolved in accordance with an agreed protective order between the parties, and (2) agree that the court should be able to enter the proposed order under Federal Rule of Civil Procedure 16(b).

The parties agree to have the issue of the protective order addressed by the Magistrate Judge assigned to this action.

11. **Appropriate Last Date for Completion of Discovery and the Hearing of Motions:**

   a. *Factual Discovery*: The parties agree that factual discovery should end ninety (90) days before trial. The parties agree that discovery motions should be filed so that the noting date is set no later than the discovery cut-off.

   b. *Expert Discovery*: Plaintiffs will designate expert witnesses in writing, as required under Federal Rules of Civil Procedure 26(a)(2), on or before 90 days before trial. The parties will designate any rebuttal expert witnesses in writing, as required under Federal Rules of Civil Procedure 26(a)(2), on or before 30 days after

Defendants' designations.

c. *Motion Cut-Off/Dispositive Motions*. The parties agree that all motions other than discovery motions, including motions for summary judgment or partial summary judgment, should be filed so that the noting date is not later than forty-five (45) days before trial, depending on the Court's availability. Plaintiff contends that its claims are not suitable for determination by dispositive motion because of the multitude of factual issues in dispute.

12. **Depositions**:

a. Plaintiff: Plaintiff will seek deposition testimony from Defendants, their retained experts, third parties who may have knowledge of the use of the alleged mark, its use, and the parties' business relationship, and may also take the depositions of any witnesses disclosed pursuant to Rule 26(a) or identified in discovery responses or document production.

b. Defendants: Defendants will seek deposition testimony from Plaintiff and their experts, if any, third parties who may have knowledge of the use of the alleged mark, its use, and the parties' business relationship, and may also take the depositions of any witnesses disclosed pursuant to Rule 26(a) or identified in discovery responses or document production.

13. **Interrogatories**:

a. Plaintiff: At present, Plaintiff does not believe it will require additional interrogatories beyond the twenty-five (25) permitted by Fed. R. Civ. P. 33.

b. Defendants: At present, Defendants do not believe they will require additional interrogatories beyond the twenty-five (25) permitted by Fed. R. Civ. P. 33.

14. **Document Preservation Plan**:

a. Plaintiff: Plaintiffs will comply with any reasonable proposal to comply with the Federal Rules of Civil Procedure.

b. Defendants: Defendant will comply with any reasonable proposal to

comply with the Federal Rules of Civil Procedure.

15. **Date for Final Pretrial Conference**: Depending on the availability of the Court for a trial date, the parties propose that the final pretrial conference should be held no less than eight (8) days before the start of trial.

16. **Trial Date and Estimated Time Needed**: The parties propose that a trial date be set approximately 12 months from the present date. Plaintiff preliminarily estimates that it will require approximately 7 court days to complete trial of this matter, including jury selection, instruction, and the counter-claims.

17. **Magistrate Judge**: The parties have not agreed to submit this case to trial before a magistrate judge.

18. **Jury Demand**: Plaintiff has made timely jury demands on all causes of action.

19. **ADR**: The parties will use a private ADR provider for mediation.

20. **Other Agreements**: The parties agree that electronic service of all other documents, including discovery requests and responses, shall constitute sufficient service. Hard copies of documents will be provided via U.S. Mail on request of counsel.

RESPECTFULLY SUBMITTED AND DATED this 27th day of December, 2013.

HATHAWAY PERRETT WEBSTER
POWERS CHRISMAN & GUTIERREZ


By: _____/S/_____
BROOK J. CARROLL
Attorneys for BEINER ENTERPRISES, Inc.

LANE POWELL PC


By: _____/S/_____
JOSEPH P. LYNAM
Attorneys for BEINER ENTERPRISES, Inc.

TERRELL MARSHALL DAUDT
& WILLIE PLLC

By: /s/ Beth E. Terrell, CSB#178181
Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
Mary B. Reiten, CSB #203412
Email: mreiten@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorneys for Defendants Adam Caldwell, Inc. and Jennifer Caldwell*

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF VENTURA

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed with HATHAWAY, PERRETT, WEBSTER, POWERS, CHRISMAN & GUTIERREZ, APC, 5450 Telegraph Road, Suite 200, Ventura CA 93003. On December **27, 2013**, I served the following document on the interested parties in said action as follows:

| JOINT RULE 26(f) REPORT |
|---|

| SERVICE LIST | |
|---|---|
| Beth Terrell<br>Mary Reiten<br>TERRELL MARSHALL DAUDT & WILLIE PLLC<br>936 N. 34TH Street, Suite 300<br>Seattle, Washington 98103-8869 | **Attorneys for Defendants/Counter-Claimants**<br>PH:   (206)816-6603<br>FAX:  (206) 350-3528 |

[XX] **(BY THE COURT'S NOTICE OF ELECTRONIC FILING "NEF")** Pursuant to the controlling General Order(s) and Local Rule(s), the foregoing document will be served via the Court's CM/ECF system on the counsel for parties as listed above.

[ ]   **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[XX] **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **December 27, 2013,** at Ventura, California.

_____/S/_____
LUCY CASTRO