FILED

2014 APR -3  AM 11: 24

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
Mary B. Reiten, CSB #203412
Email: mreiten@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorneys for Defendants Adam Caldwell, Inc. and Jennifer Caldwell*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEINER ENTERPRISES, INC., a Washington corporation, | NO. 2:13-cv-08723-ABC-MRW X |
| Plaintiff, | **DEFENDANTS' FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| v. | |
| ADAM CALDWELL, INC., a California corporation; and JENNIFER CALDWELL, an individual, | Hon. Audrey B. Collins |
| Defendants. | Complaint filed: September 5, 2013 |
| ADAM CALDWELL, INC., a California corporation; and JENNIFER CALDWELL, an individual, | |
| Counterclaim Plaintiffs, | |
| v. | |
| BEINER ENTERPRISES, INC., a Washington corporation, | |
| Counterclaim Defendant. | |

**DEFENDANTS' FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS - 1**

Defendants Adam Caldwell, Inc. and Jennifer Caldwell ("Defendants" or "Caldwell"), though their attorneys of record, Terrell Marshall Daudt & Willie PLLC, on information and belief, answer Plaintiff's Complaint ("Complaint") as follows.  To the extent that any allegation in the Complaint is not specifically admitted, it is denied.

## I.  ANSWER

## PARTIES AND JURISDICTION

1. Paragraph 1:  Defendants lack information and belief as to the allegations in paragraph 1 and therefore deny same.

2. Paragraph 2:  Admit Adam Caldwell, Inc. ("ACI") is a California corporation with headquarters in Ventura County, California, and that ACI has done business with Plaintiff's entities.  Deny all other allegations and inference in paragraph 2.

3. Paragraph 3:  Admit Jennifer Caldwell resides in Ventura County, State of California and that she is the President of Adam Caldwell, Inc. ("ACI") and that ACI has done business with Plaintiff's entities.   Deny all other allegations and inferences in paragraph 3.

4. Paragraph 4:  Paragraph 4 contains legal statements and conclusions to which Defendants are not required to respond.

5. Paragraph 5: Admit the Central District of California has subject matter jurisdiction over this matter. Deny all other allegations and inference in this paragraph.

6. Paragraph 6: Admit that the Central District of California has personal jurisdiction over Defendants and that it is the appropriate venue for this action. Deny all other allegations and inferences in this paragraph.

## FACTS

7. Paragraph 7: Defendants lack information and belief as to the allegations in paragraph 7 and on those grounds deny same.

8. Paragraph 8: Defendants lack information and belief as to the allegations in paragraph 8 and on those grounds deny same.

9. Paragraph 9: Defendants lack information and belief as to the allegations in the first three sentences and on those grounds deny same. Deny the fourth sentence.

10. Paragraphs 10: Admit that Adam Caldwell and Jennifer were initially hired by Beiner and that they later married. Defendants lack information and belief as to the remaining allegations in paragraph 10 and on those grounds deny same.

11. Paragraphs 11: Defendants lack information and belief as to the allegations in paragraph 11 and on those grounds deny same.

**DEFENDANTS' FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** - 3

<s>
</s>

12. Paragraph 12: Admit ACI was formed in 2004 with Adam Caldwell as the sole shareholder. Defendants lack information and belief as to the remaining allegations in the paragraph 12 and on those grounds deny same.

13. Paragraph 13: Deny.

14. Paragraph 14: Deny.

15. Paragraph 15: Admit no written agreement of the type Plaintiff alleges in the Complaint exists. Deny all remaining allegations and inferences in paragraph 15.

16. Paragraph 16: Admit that ACI uses Prophet 21. Deny all remaining allegations and inferences in paragraph 16.

17. Paragraph 17: Admit that Adam Caldwell was diagnosed with Lou Gehrig's disease and that he and Jennifer divorced in 2011. Admit that Jennifer is now the sole shareholder of ACI. Deny all remaining allegations and inferences in paragraph 17.

18. Paragraph 18: Deny.

19. Paragraph 19: Admit the allegations in the first and second sentences. Defendants lack information and belief as to the allegations in the third sentence and on those grounds deny same.

20. Paragraph 20: Deny.

21. Paragraph 21: Deny.

22. Paragraph 22: Deny.

**DEFENDANTS' FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** - 4

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### (Breach of Contract)

23. Paragraph 23: Defendants incorporate by reference the answers to paragraphs 1-22 as if fully set forth herein.

24. Paragraph 24: Deny.

25. Paragraph 25: Deny.

26. Paragraph 26: Deny.

## SECOND CAUSE OF ACTION
### (Breach of Fiduciary Duty)

27. Paragraph 27: Defendants incorporate by reference the answers to paragraphs 1-26 as if fully set forth herein.

28. Paragraph 28: Paragraph 28 contains legal conclusions to which no response is necessary. To the extent an answer is required, Defendants respond: Deny.

29. Paragraph 29: Deny.

30. Paragraph 30: Deny.

## THIRD CAUSE OF ACTION
### (Unfair Competition under Lanham Act § 43, 15 U.S.C. § 1125)

31. Paragraph 31: Defendants incorporate by reference the answers to paragraphs 1-30 as if fully set forth herein.

32. Paragraph 32: Deny.

33. Paragraph 33: Deny.

**DEFENDANTS' FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** - 5

34. Paragraph 34: Deny.

35. Paragraph 35: Deny.

36. Paragraph 36: Deny.

37. Paragraph 37: Deny.

## FOURTH CAUSE OF ACTION
### (Intentional Interference with Contractual Relations)

38. Paragraph 38: Defendants incorporate by reference the answers to paragraphs 1-37 as if fully set forth herein.

39. Paragraph 39: Deny.

40. Paragraph 40: Deny.

41. Paragraph 41: Deny.

## FIFTH CAUSE OF ACTION
### (Tortious Interference With Prospective Advantage or Business Expectancy)\

42. Paragraph 42: Defendants incorporate by reference the answers to paragraphs 1-41 as if fully set forth herein.

43. Paragraph 43: Deny.

44. Paragraph 44: Deny.

45. Paragraph 45: Deny.

46. Paragraph 46: Deny.

**DEFENDANTS' FIRST AMENDED ANSWER,  AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** - 6

## SIXTH CAUSE OF ACTION
### (Conversion)

47. Paragraph 47: Defendants incorporate by reference the answers to paragraphs 1-46 as if fully set forth herein.

48. Paragraph 48: Deny.

49. Paragraph 49: Deny.

50. Paragraph 50: Deny.

51. Paragraph 51: Deny.

## DECLARATORY AND INJUNCTIVE RELIEF

52. Paragraph 52: Defendants incorporate the answers to paragraph 1-51 as if fully set forth herein.

53. Paragraph 53: Paragraph 53 sets forth legal conclusions to which no response is required. To the extent an answer is required, Defendants respond: Deny.

    a. Paragraph 53.a.: Deny.

    b. Paragraph 53.b.: Deny.

    c. Paragraph 53.c.: Deny.

    d. Paragraph 53.d.: Deny.

    e. Paragraph 53.e.: Deny.

    f. Paragraph 53.f.: Deny.

54. **Paragraph 54:** Admit that Defendants dispute Plaintiff's right to the relief set forth in this complaint. Deny all other allegations and inferences set forth in the complaint.

55. **Paragraph 55:** Deny that the declaratory relief sought is appropriate. Deny all other allegations and inferences set forth in paragraph 55.

56. **Paragraph 56:** Deny that the injunctive relief set forth in paragraph 56 is appropriate. Deny all other allegations and inferences in paragraph 56.

## II. AFFIRMATIVE DEFENSES

Defendants, by way of affirmative defenses to the Complaint, allege as follows:

1. **Failure to state a claim for relief.** The Complaint and each cause of action therein fail to state facts sufficient to constitute a cause of action against Defendants.

2. **Statute of Frauds.** Any alleged contracts between Plaintiff and Defendants are invalid because they violate the statute of frauds.

3. **Mitigation of damages.** Should Plaintiff have sustained any damages, which Defendants deny, such damages were the direct and proximate result of Plaintiff's failure to mitigate its damages.

4. **Preemption.** Plaintiff's fiduciary duty claims are preempted by California's Uniform Trade Secrets Act.

5.     **Unclean Hands.**  Plaintiff is not entitled to equitable relief because Plaintiff has unclean hands.

6.     **Waiver.**  Plaintiff knowingly, voluntarily and intentionally relinquished certain rights under any alleged contracts with Defendant that now bar Plaintiff's causes of action.

7.     **Estoppel.**  Based upon the acts, omissions, representations and courses of conduct by Plaintiff, which the Defendants reasonably relied upon to their detriment, Plaintiff is estopped from asserting each and every cause of action contained in the Complaint.

8.     **Reservation.**  Defendant reserves the right to assert additional affirmative defenses at a later time in this action.

## III. COUNTERCLAIMS

For their counterclaims against the Plaintiff, Defendants state and allege as follows:

1.     Defendant and Counterclaimants Adam Caldwell, Inc. ("ACI") engages in the sale of motor controls to electrical distributors around the country.

2.     Defendant and Counterclaimants Jennifer Caldwell is the president and sole shareholder of ACI.

3. From 2004, when ACI was formed, to approximately July 2013, Plaintiff and Counter Defendant Beiner Enterprises, Inc. ("BEI") acted as ACI's sole inventory supplier.

4. BEI is owned by Lance Beiner, who orally agreed that BEI would operate as ACI's sole inventory supplier.

5. As ACI's supplier, BEI sold materials to ACI, and ACI then shipped the products to customers nationwide.

6. As a part of their joint business venture, each party exercised some degree of control over the other parties' business management and operations.

7. Plaintiff and ACI jointly lease a warehouse in Ventura, California, where BEI stored the inventory it sold to ACI.

8. In approximately July 2013, Mr. Beiner unilaterally decided that he wished to sell BEI to a competitor, All Current, Inc. ("All Current").

9. Mr. Beiner attempted to force Ms. Caldwell to agree to sell ACI to All Current as well.

10. When Ms. Caldwell did not agree with the terms of the sale and refused to sell ACI, Mr. Beiner informed Ms. Caldwell that BEI would no longer supply materials to ACI and that he was going to put ACI out of business.

11. Without Ms. Caldwell's authorization, Mr. Beiner shared confidential business information concerning ACI to All Current, including but not limited to ACI sales data, customer names, and customer contact information.

12. Throughout July 2013, Mr. Beiner also attempted to disrupt and damage ACI's business operations by contacting key ACI employees, including Rebecca Gonzales, Michael Ladiana, and Ron Shearer, and attempting to induce them to leave employment with ACI.

13. Mr. Beiner unilaterally acted to remove all BEI inventory from the ACI/BEI warehouse in Ventura, California by October 16, 2013.

14. Plaintiff abruptly and tortiously ceased to operate as ACI's sole inventory supplier, thus depriving ACI of products to sell to its customers. As a result, ACI lost numerous sales opportunities and suffered significant monetary loss.

15. In addition, from July to October 2013, Mr. Beiner contacted ACI's vendors to persuade them that they should no longer sell products to ACI because ACI was going out of business.

16. Mr. Beiner's actions, taken on behalf of BEI and with the intention of benefitting BEI and damaging ACI, damaged Counterclaimants' reputation and significantly reduced ACI's sales and profits.

## FIRST COUNTERCLAIM
### (Breach of Fiduciary Duty)

17. Counterclaimants incorporate by reference the allegations contained in paragraphs 1 through 16 of the Counterclaims section above.

18. The acts and declarations of BEI, ACI, and their principals created a partnership between Counter Defendant BEI and ACI.

19. As ACI's partner, BEI owes fiduciary duties of care, loyalty and good faith to ACI. BEI's fiduciary duties include, but are not limited to, obligations to exercise good business judgment and act in the best interests of the partnership between BEI and ACI.

20. BEI breached its fiduciary duties by, among other things, unilaterally, abruptly, and tortiously ceasing to operate as ACI's sole vendor in retaliation for ACI and Jennifer's refusal to sell ACI to All Current, Inc. and deliberately damaging ACI's reputation with ACI's customers, thus causing Counterclaimants significant monetary loss.

21. As a result of BEI's breach of fiduciary duty, Counterclaimants have suffered damages in an amount to be determined at trial.

## SECOND COUNTERCLAIM
### (Intentional and/or Negligent Interference with Prospective Business Advantage)

22. Counterclaimants incorporate by reference the allegations of paragraphs 1 through 21 of the Counterclaims section above.

23. BEI's agreement that it would act as ACI's sole vendor ensured economic benefit to both BEI and Counterclaimants.

24. By unilaterally, abruptly, and tortiously refusing to continue operations as ACI's sole vendor in retaliation for ACI's and Jennifer's refusal to sell ACI to All Current, Inc., BEI intentionally damaged the economic relationship between ACI and its customers.

25. By contacting ACI's vendors to persuade them that they should no longer do business with ACI on the (false) grounds that ACI was going to go out of business, BEI intentionally and/or negligently interfered with Counterclaimants' business relationships with their vendors.

26. Counterclaimants have suffered economic harm proximately caused by BEI's actions in an amount to be proven at trial.

## IV.  REQUEST FOR RELIEF

WHEREFORE, Defendants and Counterclaimants, having answered Plaintiff's Complaint, set forth their Affirmative Defenses, and asserted their Counterclaims, respectfully request that the Court enter judgment as follows:

A.   Dismissal of Plaintiff's claims in their entirety, on the merits, and with prejudice;

B.   An award of damages pursuant to Counterclaimant's first and second causes of action and applicable pre-judgment interest;

C.   An award of attorneys' fees and costs, as provided by statute, court rule, or other applicable grounds;

D. Leave to amend the pleadings to conform to the evidence presented at trial; and

E. Orders granting such other and further relief as the Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED AND DATED this 3rd day of April, 2014.

        TERRELL MARSHALL DAUDT
          & WILLIE PLLC

By: _____
    Beth E. Terrell, CSB #178181
    Email: bterrell@tmdwlaw.com
    Mary B. Reiten, CSB #203412
    Email: mreiten@tmdwlaw.com
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603

*Attorneys for Defendants Adam Caldwell, Inc. and Jennifer Caldwell*

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |
| 2 | |
| 3 | I, Mary B. Reiten, hereby certify that on April 3, 2014, I electronically |
| 4 | transmitted the foregoing document entitled Defendants' First Amended Answer, |
| 5 | Affirmative Defenses and Counterclaims to the following parties by agreement of |
| 6 | counsel: |

        Brook J. Carroll, CSB #210659
        Email:  bcarroll@clarkeversonlaw.com
        CLARK EVERSON
        30700 Russell Ranch Road, Suite 250
        Westlake Village, California  91362
        Telephone:  (805) 322-4949
        Facsimile:  (805) 322-4958

*Attorneys for Plaintiff*

DATED this 3rd day of April, 2014.

        TERRELL MARSHALL DAUDT
         & WILLIE PLLC

By: _____
        Mary B. Reiten, CSB #203412
        Email:  mreiten@tmdwlaw.com
        936 North 34th Street, Suite 300
        Seattle, Washington  98103-8869
        Telephone:  (206) 816-6603
        Facsimile:  (206) 350-3528

*Attorneys for Defendants Adam Caldwell, Inc. and Jennifer Caldwell*

**DEFENDANTS' FIRST AMENDED ANSWER,  AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** - 15