1   Beth E. Terrell, CSB #178181
    Email:  bterrell@tmdwlaw.com
2   Mary B. Reiten, CSB #203412
    Email:  mreiten@tmdwlaw.com
3   936 North 34th Street, Suite 300
    Seattle, Washington  98103-8869
4   Telephone: (206) 816-6603
    Facsimile: (206) 350-3528
5   *Attorneys for Defendants Adam Caldwell,*
    *Inc. and Jennifer Caldwell*
6
                    UNITED STATES DISTRICT COURT
7           FOR THE CENTRAL DISTRICT OF CALIFORNIA

8   BEINER ENTERPRISES, INC., a
    Washington corporation,

9                                          NO. 2:13-cv-08723-AB-MRW
                    Plaintiff,
                                           **DEFENDANTS' MEMORANDUM**
10        v.                               **OF CONTENTIONS OF FACT**
                                           **AND LAW**
11  ADAM CALDWELL, INC., a California
    corporation; and JENNIFER              Hon. André Birotte Jr.
12  CALDWELL, an individual,
                                           Complaint filed:  September 5, 2013
13                  Defendants.

14  _____

    ADAM CALDWELL, INC., a California
15  corporation; and JENNIFER
    CALDWELL, an individual,
16
                    Counterclaim Plaintiffs,
17
          v.
18
    BEINER ENTERPRISES, INC., a
19  Washington corporation,

20                  Counterclaim Defendant.
    _____

    DEFENDANTS' MEMORANDUM OF
    CONTENTIONS OF FACT AND LAW
    CASE NO. 2:13-CV-08723-AB-MRW

# TABLE OF CONTENTS

**Page No.**

I.    PLAINTIFF'S CLAIMS.................................................................................1

    A.    Plaintiff's Claim 1: Breach of Contract ...............................................1

    B.    Plaintiff's Claim 2: Breach of Fiduciary Duty ....................................3

    C.    Plaintiff's Claim 3: Lanham Act § 43 Violation,
        15 USC § 1125 ......................................................................................8

    D.    Plaintiff's Claim 4: Intentional Interference with Contractual
        Relations...............................................................................................10

    E.    Plaintiff's Claim 5: Tortious Interference with Prospective
        Economic Relations.............................................................................10

    F.    Plaintiff's Claim 6: Conversion .........................................................10

    G.    Declaratory Relief ...............................................................................12

    H.    Injunctive Relief .................................................................................14

II.   DEFENDANTS' AFFIRMATIVE DEFENSES .......................................17

    A.    Defendants' Affirmative Defense 1: Failure to State a Claim
        on Which Relief may be Granted........................................................17

    B.    Defendants' Affirmative Defense 2: Statute of Frauds......................17

    C.    Defendants' Affirmative Defense 3:  Failure to Mitigate
        Damages ...............................................................................................17

    D.    Defendants' Affirmative Defense 4:  BEI's Breach of
        Fiduciary Duty Claim is Preempted by the California Uniform
        Trade Secrets Act (CUTSA) ...............................................................18

    E.    Defendant's Affirmative Defense 5:  Unclean Hands .......................19

F.     Defendants' Affirmative Defense 6:  BEI has Waived its Right to Claim Ownership of or the Right to Control ACI..............21

G.     Defendants' Affirmative Defense 7:  Estoppel ................................22

III.     DEFENDANTS' COUNTERCLAIMS .....................................................24

A.     Defendant's Counterclaim 1:  Breach of Fiduciary Duty ................24

B.     Defendants' Counterclaim 2:  Breach of Fiduciary Duty of Loyalty........................................................................................26

C.     Defendants' Counterclaim 3:  Intentional Interference with Prospective Business Advantage..........................................28

D.     Defendants' Counterclaim 4:  Negligent Interference with Prospective Business Advantage..........................................29

IV.     COUNTER DEFENDANT'S AFFIRMATIVE DEFENSES.....................30

A.     Counter Defendant's Affirmative Defense No. 1:  Parol Evidence & Statute of Frauds ........................................30

B.     Counter Defendant's Affirmative Defense No. 2:  Justification/Wrongful Conduct ........................................31

C.     Counter Defendant's Affirmative Defense No. 3:  No Fiduciary Relationship ......................................................31

D.     Counter Defendant's Affirmative Defense No. 4:  Failure to Mitigate ..........................................................................32

E.     Counter Defendant's Affirmative Defense No. 5: Unclean Hands..........................................................................33

F.     Counter Defendant's Affirmative Defense No. 6: *In Pari Delicto* ..........................................................................34

V.  ANTICIPATED EVIDENTIARY ISSUES....................................................35

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

VI.    ISSUES OF LAW ........................................................................ 35

VII.   BIFURCATION OF ISSUES .................................................... 35

VIII.  JURY TRIAL ............................................................................. 35

IX.    ATTORNEYS' FEES ................................................................. 35

X.     ABANDONMENT OF ISSUES ................................................ 36

1

# TABLE OF AUTHORITIES

2

**Page No.**

3

## FEDERAL CASES

4

*Emco, Inc. v.  Obst*.,
    No. 03-6432, 2004 WL 1737355 (C.D. Cal. May 7, 2004) ........................19

5

*Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*,
    638 F.3d 1137 (9th Cir. 2011) ........................................................................8

6

*SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd*,
    846 F. Supp. 2d 1063 (N.D. Cal. 2012)........................................................8

7

8

9

## STATE CASES

10

*Ashou v. Liberty Mut. Fire Ins. Co.*,
    138 Cal. App. 4th 748, 41 Cal. Rptr. 3d 819 (2006) ...................................23

11

*DVD Copy Control Ass'n, Inc. v. Kaleidescape, Inc.*,
    176 Cal. App. 4th 697, 97 Cal. Rptr. 3d 856 (2009) ...................................15

12

*Gen. of Am. Ins. Co. v. Lilly*,
    258 Cal. App. 2d 465, 65 Cal. Rptr. 750 (1968) .........................................12

13

14

*K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*,
    171 Cal. App. 4th 939, 90 Cal. Rptr. 3d 247 (2009) ...................................19

15

*Kashani v. Tsann Kuen China Enterprise Co., Ltd.*,
    118 Cal. App. 4th 531, 13 Cal. Rptr. 3d 174 (2004) ...................................34

16

17

*Kendall-Jackson Winery, Ltd. v. Superior Court*,
    76 Cal. App. 4th 970, 90 Cal. Rptr. 2d 743 (1999) ...............................19, 34

18

*Meyer v. Sprint Spectrum L.P.*,
    45 Cal. 4th 634, 88 Cal. Rptr. 3d 859 (2009) .............................................12

19

20

1
2

*Nicolopulos v. Superior Court,*
    106 Cal. App. 4th 304, 130 Cal. Rptr. 2d 626 (2003) .................................23

3

*Unilogic, Inc. v. Burroughs Corp.,*
    10 Cal. App. 4th 612, 12 Cal. Rptr. 2d 741 (1992) ....................................19

4
5

*Valle de Oro Bank v. Gamboa,*
    26 Cal. App. 4th 1686, 32 Cal. Rptr. 2d 329 (1994) ............................18, 33

6

**STATE STATUTES**

7

Cal. Civ. Code § 1060 ....................................................................................12

8

Cal. Civ. Code § 1061 ....................................................................................12

9

Cal. Civ. Code § 3422 ....................................................................................15

10

Cal. Civ. Code § 3426.................................................................................5, 13

11

Cal. Civ. Code § 3426.7 .................................................................................17

12
13
14
15
16
17
18
19
20

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - v
CASE NO. 2:13-CV-08723-AB-MRW

Pursuant to Local Rule 16-4, Defendants Adam Caldwell, Inc. ("ACI"), and Jennifer Caldwell ("Jennifer"), through their attorneys of record, respectfully submit this Memorandum of Contentions of Fact and Law.

## I.  PLAINTIFF'S CLAIMS

**A.     Plaintiff's Claim 1: Breach of Contract**

<u>Essential Elements to Establish Plaintiff's Beiner Enterprises, Inc.'s ("BEI")</u>

<u>Claim that Defendants ACI and Jennifer Breached Their Contract</u>

a.      BEI entered into an agency contract with ACI/Jennifer that would have allowed BEI to sell ACI without its principal's (Jennifer's) consent;

b.      That BEI did all, or substantially all, of the significant things that the contract required it to do, or that BEI was excused from doing those things;

c.      That all conditions required by the contract for ACI/Jennifer's performance occurred or were excused;

d.      That ACI/Jennifer failed to do something that the contract required them to do; and

e.      That BEI was harmed by that failure.

*See* CACI § 3.3 Breach of Contract – Essential Factual Elements

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 1
CASE NO. 2:13-CV-08723-AB-MRW

<u>Key Evidence in Opposition to Claim 1</u>

a.      Oral testimony will establish that no agreement, either written or oral, exists that permits BEI to sell ACI without its principal's (Jennifer's) agreement.

b.      Jennifer will testify that ACI and BEI were not engaged in an agency relationship over which BEI had complete control, including the right to sell ACI.  Rather, ACI and BEI were engaged in a partnership by which BEI was the exclusive inventory supplier to ACI, and ACI was the exclusive dealer for BEI's inventory.

c.      An email written in 2010 by ACI employee, Becky Gonzalez ("Gonzalez"), contains the only known written reference to the actual workings of the BEI/ACI relationship.  This email contains no reference to BEI's ability to force a sale of ACI without Jennifer's agreement.

d.      Jennifer and Lance Beiner ("Beiner"), BEI's principal, will testify that they never discussed any oral agreement that permitted Beiner, as owner of BEI, to cause the sale of ACI without Jennifer's consent.

e.      If any oral agreement existed, it existed between Beiner/BEI and ACI's previous principal, Adam Caldwell ("Adam").  That agreement terminated when Adam turned over ACI to Jennifer as part of their divorce settlement, as evidenced by the couple's stock transfer agreement.  This document

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 2
CASE NO. 2:13-CV-08723-AB-MRW

1  contains no restrictions on how Jennifer is to operate ACI or sets forth any

2  agreement that permitted BEI to sell ACI without Jennifer's agreement.

3  Moreover, Jennifer will testify that no conversations ever took place between her

4  and Adam that related to the sale of ACI by BEI.

5  **B.      Plaintiff's Claim 2: Breach of Fiduciary Duty**

6       <u>Essential Elements to Establish Plaintiff's Claim that Defendants ACI and</u>

7             <u>Jennifer Breached Their Fiduciary Duty of Loyalty to Plaintiff BEI</u>

8             a.      That ACI and Jennifer were BEI's agents;

9             b.      That ACI/Jennifer knowingly acted against BEI's interest by

10                 i.      competing with BEI;

11                 ii.     usurping corporate opportunities of BEI; and

12                 iii.    converting or using property or confidential information

13                        obtained during the business relationship.

14            c.      That BEI did not give informed consent to ACI or Jennifer;

15            d.      That BEI was harmed;

16            e.      That ACI or Jennifer's conduct was a substantial factor in

17  causing BEI's harm.

18            *See* CACI § 4102 Duty of Undivided Loyalty – Essential Factual Elements

19                      <u>Key Evidence in Opposition to Claim 2</u>

20            a.      Re: Competing with BEI:

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 3
CASE NO. 2:13-CV-08723-AB-MRW

i.   The parties agree that BEI and ACI stopped doing business together as of July 15, 2013.

ii.  The BEI/All Current Purchase and Sale Agreement and related documents will show that Beiner sold BEI and all of its inventory to All Current in September 2013. After its sale to All Current, ACI could not have competed against BEI because BEI no longer engaged in the sale of electric motor parts.

iii. In the interim period between July 15, 2013 and the sale to All Current in September 2013, oral testimony will show that BEI did not engage in the sale of any of its inventory; thus, ACI could not have competed with it during this period of time.

iv.  Even if ACI did complete with BEI, BEI suffered no damages because it sold itself to All Current, which paid for the inventory that BEI would have otherwise sold to other customers.

b.   Re: Usurpation of Corporate Opportunities:

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 4
CASE NO. 2:13-CV-08723-AB-MRW

1               i.    Evidence submitted in opposition to Claim No. 1, negating

2                     existence of agreement that gave BEI the right to sell ACI

3                     without Jennifer's agreement or acquiescence.

4              ii.    The BEI/All Current Purchase and Sale Agreement and

5                     related documents will show that Beiner sold BEI and all

6                     of its inventory to All Current in September 2013.   After

7                     its sale to All Current, ACI could not have usurped any

8                     corporate opportunities of BEI's because BEI no longer

9                     engaged in the sale of electric motor parts.

10            iii.    In the interim period between July 15, 2013 and the sale to

11                   All Current in September 2013, oral testimony will show

12                   that BEI did not engage in the sale of any of its inventory;

13                   thus, ACI could not have usurped any corporate

14                   opportunities during this period of time.

15       c.    Re: Converting or Using Property or Confidential Information

16 During Business Relationship:

17               i.    BEI's claim for breach of fiduciary duty based on the

18                     conversion or use of trade secrets is preempted by the

19                     California Uniform Trade Secrets Act (CUTSA), and

20                     should be dismissed.  *See* Cal. Civ. Code § 3426.

1    ii.   Jennifer and Beiner will testify, and email and text

2          messages will support, that the relationship between

3          ACI and BEI ended on July 15, 2013.

4    iii.  Jennifer and Beiner will testify that Jennifer ceased to

5          ship Beiner's material as of July 15, 2013.

6    iv.   Jennifer will testify that she did not use any confidential

7          information of ACI's except for promoting ACI's

8          business.  After the relationship ended on July 15, 2013,

9          ACI/Jennifer was entitled to use ACI's customer lists to

10         promote ACI's business, and did so.  ACI was entitled

11         to contact vendors that previously sold to BEI to

12         purchase inventory for ACI, and did so.

13   v.    Jennifer and ACI employees Gonzalez and Michael

14         Ladiana ("Ladiana") will testify that the Assemblies

15         Database that BEI claims it owns was maintained by

16         ACI, located on the ACI side of the computer system

17         the two companies shared, and was used as a sales tool

18         by ACI.  Thus, the Assemblies Database does not

19         belong to BEI.

20

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 6
CASE NO. 2:13-CV-08723-AB-MRW

vi.   Jennifer and Gonzalez will testify that the Min/Max
Levels Database related to the minimum and maximum
levels of inventory kept by BEI was turned over to BEI
in August 2013, and that ACI has neither made use of it
nor has access to it.

vii.   Beiner will testify that he has never checked to
determine whether he received the Min/Max Database
when requested in August 2013.

viii.   Even if the Assemblies Database belongs to BEI and the
Min/Max Database is still being used by ACI, BEI has
suffered no damages by their continued use by ACI.
Beiner will testify that BEI no longer engages in the
sale of electric motor components and that the two
databases had no value to All Current and were not part
of, and were never contemplated to be part of, the
purchase of BEI.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 7
CASE NO. 2:13-CV-08723-AB-MRW

**C.     Plaintiff's Claim 3: Lanham Act § 43 Violation, 15 USC § 1125**

Essential Elements to Establish Plaintiff's Claims that Defendants ACI/Jennifer

Engaged in Unfair Competition that Violated the Lanham Act § 43, § 1125

          a.     That BEI had a protectable ownership interest in its trade name "B&B Electric Sales";

          b.     That Jennifer and ACI's use of the trade name is likely to cause consumer confusion.

*See Network Automation, Inc. v. Advanced Sys. Concepts, Inc*., 638 F.3d 1137, 1147 (9th Cir. 2011); *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd*, 846 F. Supp. 2d 1063, 1073 (N.D. Cal. 2012) (recognizing that trademarks and trade names are "technically distinct" but analyzed under "practically indistinguishable standards") (citations omitted).

Key Evidence in Opposition to Claim 3

          a.     Dissolution papers from California State will show that Beiner, Inc., the original owner of the name B&B Electric Sales, dissolved in 2005.

          b.     Incorporation papers for ACI show that ACI was incorporated in August 2004 in California, and Adam was its only shareholder.

          c.     Registration papers will show that ACI registered the name B&B Electric Sales as a fictitious business name in September 2004.

d.      Incorporation papers for Washington State will show that Beiner Enterprises, Inc. did not form until December 2005.  At that time, ACI had been using B&B Electric Sales for over one year.

e.      Registration papers and oral testimony will show that ACI continued to register B&B Electric Sales as its fictitious business name through present.

f.      Jennifer will testify that neither Beiner nor BEI had day-to-day contact with customers.

g.      Jennifer will testify that many of B&B Electric Sales' customers did not know Beiner or BEI.

h.      Invoices will show that ACI used the dba B&B Electric Sales on all of its invoices and correspondence.

i.      Jennifer will testify that ACI owns the website domain of www.abplace.com, which holds itself out as B&B Electric Sales.

j.      No confusion exists between ACI's use of the name B&B Electric Sales and BEI's use of that name because BEI never used that name.

k.      No confusion exists between ACI's use of the name B&B Electric Sales and BEI's use of that name because BEI no longer engages in the sale of electric motor controls and has suffered no damages as a result of ACI's continued use of the name.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 9
CASE NO. 2:13-CV-08723-AB-MRW

**D.     Plaintiff's Claim 4: Intentional Interference with Contractual Relations**

Defendants understand that Plaintiff is abandoning this claim.

**E.     Plaintiff's Claim 5: Tortious Interference with Prospective Economic Relations**

Defendants understand that Plaintiff is abandoning this claim.

**F.     Plaintiff's Claim 6: Conversion**

<u>Essential Elements to Establish Plaintiff's Claim that Defendants ACI/Jennifer</u>

<u>Converted $519,649 of BEI's Cash and Accounts Receivable</u>

a.     That BEI owned, possessed, or had right to possess $58,520 in cash and $461,129.87 in accounts receivable.

b.     That ACI/Jennifer intentionally and substantially interfered with BEI's property by taking possession of $58,520 in cash and $461,129.87 in accounts receivable;

c.     That BEI did not consent;

d.     That BEI was harmed;

e.     That ACI or Jennifer's conduct was a substantial factor in causing BEI's harm.

*See* CACI § 2100 Conversion – Essential Factual Elements

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 10
CASE NO. 2:13-CV-08723-AB-MRW

Key Evidence in Opposition to Claim 6

a.      Jennifer and Gonzalez will testify and the balance sheets will show that ACI and BEI operated under an agreement that permitted BEI to charge both (1) cost of goods sold and (2) a special mark up on the cost of goods sold after all bills and other overhead for ACI had been taken into account.  ACI paid BEI for both (1) the cost of goods sold and (2) its special mark up through July 15, 2013.

b.      Gonzalez will testify as to how she calculated the special mark up for the month of June and July 1-15, 2013.

c.      Cash flow statements will show that ACI paid BEI both its cost of goods sold and special mark up for June and through July 15, 2013.

d.      Patrick Delangis ("Delangis"), Defendants' expert, will demonstrate that the special mark up for the month of June, and for July 1-15, 2013 was consistent with the average of past special markups demanded by BEI.

e.      Profit and Loss statements for 2004 through 2013 will show that any remaining amounts in Accounts Receivables as of July 15, 2013, belong to ACI consistent with the parties' partnership agreement.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 11
CASE NO. 2:13-CV-08723-AB-MRW

**G.    Declaratory Relief**

<u>Essential Elements to Establish Plaintiff's Request for Declaratory Relief</u>

        a.      That an actual controversy relating to the legal rights of BEI and ACI and Jennifer exists;

        b.      That no other form of relief is available or more appropriate.

*See* Cal. Civ. Code § 1060 Right of action; actual controversy; scope; effect of declaration; Cal. Civ. Code § 1061 Refusal to exercise power; *Gen. of Am. Ins. Co. v. Lilly*, 258 Cal. App. 2d 465, 471, 65 Cal. Rptr. 750 (1968) (granting demurrer on claim for declaratory relief because the relief sought by the plaintiff was available through its other claims); *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 88 Cal. Rptr. 3d 859 (2009) (finding declaratory relief inappropriate because a future remedy "would have little practical affect").

BEI seeks declaratory relief on the following issues:

        a.      BEI is the rightful owner, exclusive or jointly with ACI, of all of the information and data contained in the Prophet 21 databases;

        b.      BEI is entitled to joint possession of the leased premises on Transport Street in Ventura County, California, and that BEI is entitled to an award of attorneys' fees under paragraph 31 of the lease as the prevailing party in seeking to enforce and declare BEI's rights under the lease;

c.     BEI is the rightful owner of the cash and accounts receivables from the sale of BEI's inventory through July 12, 2013; and

d.     BEI is the rightful and superior owner of the trade name "B&B Electric Sales."

<u>Key Evidence in Opposition to Declaratory Relief</u>

a.     BEI is the rightful owner, exclusive or jointly with ACI, of all of the information and data contained in the Prophet 21 databases.

i.   *See* Key Evidence in Opposition to Claim 1, <u>Section I.A.,</u> *supra.*

ii.  BEI's claim for declaratory relief based on the conversion or use of trade secrets is preempted by the CUTSA, and should be dismissed.  *See* Cal. Civ. Code § 3426.

iii.  Gonzalez, Ladiana, and Jennifer will testify that Prophet 21 was divided into a BEI side and an ACI side.  All the information contained on the BEI side was transferred to BEI as requested in August 2013.

iv.  BEI has no invoices or other documentation demonstrating its ownership of a license to the Prophet 21 system; ACI does.

b.     BEI is entitled to joint possession of the leased premises on Transport Street in Ventura County, California, and that BEI is entitled to an

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 13
CASE NO. 2:13-CV-08723-AB-MRW

award of attorneys' fees under paragraph 31 of the lease as the prevailing party in seeking to enforce and declare BEI's rights under the lease.

          i.     No actual controversy exists. ACI and BEI are co-tenants on the lease for the premises at Transport Street. Jennifer will testify that BEI was never refused entry to the Transport Street location during regular business hours.

       c.     BEI is the rightful owner of the cash and accounts receivables from the sale of BEI's inventory through July 12, 2013.

          i.     *See* Key Evidence in Opposition to Claim 6, <u>Section I.F.</u>, *supra*.

       d.     BEI is the rightful and superior owner of the trade name "B&B Electric Sales."

          i.     *See* Key Evidence in Opposition to Claims 1, 2, and 3, <u>Sections I.A.</u>, <u>I.B.</u>, and <u>I.C.</u>, *supra*.

## H.    Injunctive Relief

<u>Essential Elements to Establish Plaintiff's Request for Injunctive Relief</u>

       a.     That pecuniary compensation would not afford BEI adequate relief;

       b.     That it would be extremely difficult to ascertain the amount of compensation which would afford adequate relief;

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 14
CASE NO. 2:13-CV-08723-AB-MRW

c.      That the restraint is necessary to prevent a multiplicity of judicial proceedings; or

d.      That the obligation arises from a trust.

*See* Cal. Civ. Code § 3422 Final Injunction, grounds; *DVD Copy Control Ass'n, Inc. v. Kaleidescape, Inc.,* 176 Cal. App. 4th 697, 722, 97 Cal. Rptr. 3d 856 (2009) (recognizing that these elements "embody the requirement that to obtain an injunction a plaintiff ordinarily must show that the defendant's wrongful acts threaten to cause irreparable injury, meaning injury that cannot adequately be compensated in damages").

BEI seeks Injunctive Relief as follows:

a.      Preventing ACI from using the trade name B&B Electric Sales;

b.      Taking any action that interferes with BEI's rights to use and occupy the lease premises;

c.      Using, moving, packing, disposing of, or otherwise damaging BEI's inventory.

Key Evidence in Opposition to Injunctive Relief

a.      Preventing ACI from using the trade name B&B Electric Sales.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 15
CASE NO. 2:13-CV-08723-AB-MRW

    i. *See* Key Evidence in Opposition to Claim 3, <u>Section I.C.</u>, *supra.*

   b. Taking any action that interferes with BEI's rights to joint use and occupy the lease premises;

    i. *See* Key Evidence in Opposition to Claim 1, <u>Section I.A.</u>, *supra.*

    ii. No actual controversy exists.  ACI and BEI are co-tenants on the lease for the premises at Transport Street.  Jennifer will testify that BEI was never refused entry to the Transport Street location during regular business hours.

    iii. Further, BEI no longer engages in the sales of electric motor parts and has no business or inventory that would occupy the premises at Transport Street.

   c. Using, moving, packing, disposing of, or otherwise damaging BEI's inventory.

  Defendants understand this claim has been abandoned as moot.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 16
Case No. 2:13-cv-08723-AB-MRW

## II.  DEFENDANTS' AFFIRMATIVE DEFENSES

**A.     Defendants' Affirmative Defense 1: Failure to State a Claim on Which Relief may be Granted**

      a.      Defendants contend that BEI cannot prove the existence of a contract that permits BEI to sell ACI without its principal's agreement, which defeats BEI's first claim for breach of contract.

      b.      Defendants contend that BEI's breach of fiduciary duty claim is preempted by the CUTSA and should be dismissed.  *See* Cal. Civ. Code § 3426.7; *see also* <u>Section II.D.</u>, *infra*.

**B.     Defendants' Affirmative Defense 2: Statute of Frauds**

Defendants abandon this affirmative defense.

**C.      Defendants' Affirmative Defense 3:  Failure to Mitigate Damages**

<u>Essential Elements Required to Establish BEI Failed to Mitigate its Damages</u>

      a.      If BEI suffered damages as a result of ACI or Jennifer's breach of contract or tortious act, BEI is not entitled to recover damages for harm that ACI or Jennifer proves BEI could have avoided with reasonable efforts or expenditures.

      b.      The reasonableness of BEI's efforts are considered in light of the circumstances facing it at the time, including its ability to make the efforts or expenditures without undue risk or hardship.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 17
CASE NO. 2:13-CV-08723-AB-MRW

c. If BEI made reasonable efforts to avoid harm, then any award in its favor should include reasonable amounts that it spent for this purpose.

*See Valle de Oro Bank v. Gamboa*, 26 Cal. App. 4th 1686, 1691, 32 Cal. Rptr. 2d 329 (1994); CACI § 358 Mitigation of Damages; CACI § 3931 Mitigation of Damages (Property Damage).

<u>Key Evidence in Support of Affirmative Defense 3</u>

a. Email correspondence and oral testimony will show that BEI failed to negotiate in good faith to come to a short term solution to permit ACI to sell its inventory in the interim period between July 15, 2013 and September 13, 2013, the date that the sale of BEI to All Current closed.  Thus, BEI is not entitled to lost profits for this time period.

b. BEI seeks lost profits through the end of October 2013. Because BEI was sold to All Current on September 13, 2013, it is not entitled to lost profits through the end of October 2013.

**D.  Defendants' Affirmative Defense 4:  BEI's Breach of Fiduciary Duty Claim is Preempted by the California Uniform Trade Secrets Act (CUTSA)**

<u>Essential Elements Required to Establish Affirmative Defense 4</u>

a. The CUTSA preempts common law claims that are based on the same set of facts as the misappropriation of trade secrets claim for relief;

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 18
CASE NO. 2:13-CV-08723-AB-MRW

b.      To the extent BEI's claims that ACI/Caldwell breached their fiduciary duty based on the misappropriation of trade secrets, these claims are preempted and should be dismissed.

*See K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal. App. 4th 939, 958, 90 Cal. Rptr. 3d 247 (2009).

<u>Key Evidence in Support of Affirmative Defense 4</u>

a.      BEI's claims for breach of fiduciary duty, conversion, and declaratory relief are preempted by the CUTSA to the extent they are based on allegations that ACI took trade secrets (i.e. customer lists, vendor lists, the Assemblies Database, and the Min/Max Database) and continued to use those trade secrets without BEI's permission.

**E.      Defendant's Affirmative Defense 5:  Unclean Hands**

<u>Essential Elements to Establish Affirmative Defense 5</u>

a.      BEI's conduct was wrongful, inequitable or unconscionable;

b.      BEI's conduct relates to the subject matter of its claims.

*See Kendall-Jackson Winery, Ltd. v. Superior Court,* 76 Cal. App. 4th 970, 979, 90 Cal. Rptr. 2d 743 (1999); *Unilogic, Inc. v. Burroughs Corp*., 10 Cal. App. 4th 612, 621, 12 Cal. Rptr. 2d 741 (1992) (finding doctrine of unclean hands applicable to conversion claim); *Emco, Inc. v.  Obst*., No. 03-6432, 2004 WL

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 19
CASE NO. 2:13-CV-08723-AB-MRW

1737355, at *4 (C.D. Cal. May 7, 2004) (finding doctrine of unclean hands

provides a defense to false advertising claims under the Lanham Act).

<u>Key Evidence in Support of Affirmative Defense 5</u>

a.    Beiner, Jennifer, and Gonzalez will testify that before Beiner

owned BEI, he owned a business called Beiner, Inc., which essentially combined

the businesses of BEI and ACI in one entity – buying and selling electric motor

parts.

b.    Gonzalez will testify that in 2004, Beiner was involved in

divorce proceedings and needed to divest himself of assets to prevent his ex-wife

from receiving what he considered to be excess maintenance and property

settlement monies.

c.    Court documents will show that in June 2004, Beiner

attempted to get an order from the divorce court permitting him to sell Beiner,

Inc. to his son because he was going to allegedly "retire."

d.    Court documents will show that in July 2004, Beiner again

petitioned the court to obtain an order permitting him to liquidate Beiner, Inc.

because he allegedly lost one of his vendors and could not stay in business.

e.    Incorporation documents will show that in August 2004, ACI

was incorporated.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 20
CASE NO. 2:13-CV-08723-AB-MRW

f.      Registration documents will show that in September 2004, Beiner, Inc. abandoned the name B&B Electric Sales, and ACI registered that name as its dba.

g.      Gonzalez will testify that business at B&B Electric Sales went on as usual with no disruption – the only difference being that sales were now split off and handled by ACI.  Inventory at that time came directly from Beiner until BEI was formed in December 2005, when BEI took over the supply of inventory to ACI.

h.      Because BEI and ACI were formed to cheat Beiner's ex-wife out of any equity in Beiner, Inc., Beiner cannot now claim that he "owns" or "controls" ACI and has the right to sell ACI regardless of whether its legal owner agrees.

**F.    Defendants' Affirmative Defense 6:  BEI has Waived its Right to Claim Ownership of or the Right to Control ACI**

Essential Elements Required to Establish Affirmative Defense 6

a.      Assuming a contract existed between BEI and ACI at the time that ACI's principal was Adam, BEI knew ACI could be forced to sell whether Adam agreed to the sale or not;

b.      BEI freely and knowingly gave up its right to have ACI and Jennifer perform this obligation when it failed to inform Jennifer of this agreement;

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 21
CASE NO. 2:13-CV-08723-AB-MRW

1    c.    Waiver may be oral, written, or arise from conduct that shows

2  that BEI gave up that right;

3    d.    If ACI and Jennifer prove that BEI gave up its right to ACI

4  and Jennifer's performance under their contract, then ACI and Jennifer were not

5  required to sell ACI without Jennifer's consent.

6    *See* CACI § 336 Affirmative Defense – Waiver.

7    **Key Evidence in Support of Affirmative Defense 6**

8    a.    Evidence submitted in opposition to Claim No. 1, Section I.A.,

9  *supra*, negating existence of agreement that gave BEI the right to sell ACI

10  without Jennifer's consent.

11  **G.    Defendants' Affirmative Defense 7:  Estoppel**

12    Essential Elements to Establish Affirmative Defense 7

13    a.    That BEI (the party to be estopped) must know the facts;

14    b.    BEI intended that its conduct will be acted on, or must act in

15  such a way that ACI and Jennifer had the right to believe that the conduct was so

16  intended;

17    c.    ACI and Jennifer must be ignorant of the true state of facts;

18  and

19    d.    ACI and Jennifer relied on BEI's conduct to their detriment.

20

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 22
CASE NO. 2:13-CV-08723-AB-MRW

*See Nicolopulos v. Superior Court*, 106 Cal. App. 4th 304, 311, 130 Cal. Rptr. 2d 626 (2003); *Ashou v. Liberty Mut. Fire Ins. Co.*, 138 Cal. App. 4th 748, 766–67, 41 Cal. Rptr. 3d 819 (2006).

<u>Key Evidence in Support of Affirmative Defense 7</u>

a.     Jennifer, Gonzalez, and Ladiana will testify that Beiner continually made promises that when he retired, BEI and ACI would be combined in some way and the companies would be run by Jennifer.

b.     Ladiana will testify that when he was visiting Beiner in May of 2013, the purpose of the visit was to ensure that he knew all the systems related to inventory purchasing and management because Beiner was planning to retire.

c.     Jennifer will testify that Beiner was pleased that she took an active interest in ACI after Adam turn the company over to her, and that Beiner was disappointed in Adam for not being as active.

d.     Jennifer, Gonzalez, and Ladiana will testify that Beiner bullied and demeaned them.  They will testify that they put up with Beiner's behavior because they believed when he retired the companies would be combined under Jennifer's leadership.

e.     Jennifer will testify that she put in numerous overtime and weekend hours without compensation to learn the business as well as keep up

with business demands because she believed she was ACI's owner and that eventually she would be running BEI.

        f.    The evidence will show that Beiner knew these facts and intended that his promises of future benefit be relied on by ACI and its employees.

        g.    Jennifer will testify that she was ignorant of BEI's plans, through its principal Beiner, to sell BEI and ACI to All Current, and were taken by complete surprise when BEI "announced" the sale in July 2013.

        h.    The evidence will also show that ACI/Jennifer were damaged by their reliance on BEI/Beiner's promises of future benefit.  BEI's attempt to force a sale without Jennifer's consent created a rift between the companies and their principals that could not be fixed.  BEI refused to let ACI sell its inventory, forcing ACI to turn to other vendors to fulfill orders.  ACI's gross revenue has dropped precipitously in light of BEI's actions.

## III.  DEFENDANTS' COUNTERCLAIMS

**A.    Defendant's Counterclaim 1:  Breach of Fiduciary Duty**

<u>Essential Elements to Establish Counterclaim 1:  BEI Breached its Fiduciary Duty of Reasonable Care Owed to ACI/Jennifer</u>

        a.    BEI was ACI's partner;

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 24
CASE NO. 2:13-CV-08723-AB-MRW

1          b.     BEI acted on ACI's behalf for purposes of being ACI's

2 exclusive inventory supplier;

3          c.     BEI failed to act as a reasonably careful partner would have

4 acted under similar conditions;

5          d.     ACI was harmed; and

6          e.     BEI's conduct was a substantial factor in causing ACI's harm.

7       *See* CACI § 4101 Failure to Use Reasonable Care – Essential Factual

8 Elements.

9                  <u>Key Evidence in Support of Counterclaim 1</u>

10         a.     Jennifer will testify that ACI and BEI were engaged in a

11 partnership by which BEI was the exclusive inventory supplier to ACI, and ACI

12 was the exclusive dealer for BEI's inventory.

13          b.     An email written in 2010 by Gonzalez contains the only

14 known written reference to the actual workings of the BEI/ACI relationship.

15          c.     The documentary evidence will show that without using

16 reasonable care, BEI undertook to sell ACI to All Current, negotiating the sale in

17 the May through June 2013 time period, without informing or including Jennifer.

18          d.     Jennifer will testify that when she refused to cooperate in the

19 sale to All Current, on July 15, 2013, BEI ceased supplying ACI with inventory

20 causing ACI to have to look to third party vendors to fulfill its orders.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 25
CASE NO. 2:13-CV-08723-AB-MRW

1        e.    Delangis will testify about the lost profits ACI has suffered

2    due to BEI's failure to use reasonable care in attempting to sell ACI to All

3    Current without ACI's consent and the subsequent loss of ACI's sole vendor.

4    **B.    Defendants' Counterclaim 2:  Breach of Fiduciary Duty of Loyalty**

5    <u>Essential Elements to Establish Counterclaim 2 That BEI Breached its Fiduciary</u>

6                                           <u>Duty of Loyalty to ACI/Jennifer</u>

7        a.    BEI was ACI's partner;

8        b.    BEI knowingly acted against ACI's interest by attempting to

9    force Jennifer to sell ACI to All Current without her consent OR BEI acted on

10   behalf a party whose interests were adverse to ACI in connection with negotiating

11   a sale of BEI and ACI to All Current without ACI/Jennifer's knowledge or

12   consent;

13       c.    Jennifer/ACI did not give informed consent to BEI's conduct;

14       d.    ACI was harmed; and

15       e.    BEI's conduct was a substantial factor in causing ACI's harm.

16       *See* CACI § 4102 Duty of Undivided Loyalty – Essential Factual Elements

17                       <u>Key Evidence in Support of Counterclaim 2</u>

18       a.    Jennifer will testify that ACI and BEI were engaged in a

19   partnership by which BEI was the exclusive inventory supplier to ACI, and ACI

20   was the exclusive dealer for BEI's inventory.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 26
CASE NO. 2:13-CV-08723-AB-MRW

b.      An email written in 2010 by Gonzalez contains the only known written reference to the actual workings of the BEI/ACI relationship.

c.      The documentary evidence will show that BEI undertook to sell ACI to All Current, negotiating the sale in the May through June 2013 time period without informing or including Jennifer.

d.      Jennifer will testify that she did not know of or endorse the sale of ACI to All Current.

e.      Jennifer will testify that when ACI and Jennifer refused to cooperate in the sale to All Current, BEI in breach of its duty of loyalty, on July 15, 2013, ceased supplying ACI with inventory causing ACI to have to look to third party vendors to fulfill its orders.

f.      Email correspondence will also show that BEI attempted to cause third party vendors to stop doing business with ACI in violation of its duty of loyalty to ACI.

g.      Jennifer will testify that she did not consent to BEI interfering in ACI's relationship with its new vendors.

h.      Delangis will testify about the lost profits ACI has suffered due to BEI's failure to use reasonable care in attempting to sell ACI to All Current without ACI's consent and the subsequent loss of ACI's sole vendor.

## C.   Defendants' Counterclaim 3:  Intentional Interference with Prospective Business Advantage

<u>Essential Elements Required to Establish Counterclaim 3</u>

a.      ACI and Vendors A, B, C, and ACI and employee Ron Shearer, were engaged in economic relationships that probably would have resulted in an economic benefit to ACI;

b.      BEI knew of this relationship;

c.      BEI attempted to prevent ACI from doing business with Vendors A, B, and C and promoted All Current's recruitment of Ron Shearer away from ACI;

d.      By engaging in this conduct, BEI intended to disrupt the relationship;

e.      The relationship was disrupted;

f.      ACI was harmed;

g.      BEI's conduct was a substantial factor in causing ACI's harm.

*See* CACI § 2202 Intentional Interference with Prospective Economic Relations.

<u>Key Evidence in Support of Counterclaim 3</u>

a.      Email correspondence will show that Beiner, as representative of BEI, requested Vendors A, B, and C not to do business with ACI.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 28
CASE NO. 2:13-CV-08723-AB-MRW

1         b.     These emails will show that BEI intended to interfere with

2  ACI's ability to procure inventory to fill its orders for customers.

3         c.     Email correspondence will also show that Beiner, as

4  representative of BEI, was a substantial factor in the recruitment by All Current

5  of ACI employee Ron Shearer.

6         d.     This email correspondence will show that Beiner, as a

7  representative of BEI, intended to interfere with Ron Shearer's employment at

8  ACI and that All Current was successful in recruiting Ron Shearer.

9         e.     Delangis will testify regarding the lost profits suffered by ACI

10  as a result of BEI's refusal to provide inventory and subsequent interference with

11  vendors.

12         f.     Jennifer will testify that BEI's actions were a substantial factor

13  in causing these lost profits.

14  **D.**    **Defendants' Counterclaim 4:  Negligent Interference with Prospective Business Advantage**

15

16                 <u>Elements Required to Establish Counterclaim 4</u>

17         a.     ACI and Vendors A, B, and C, and ACI and employee Ron

18  Shearer, were in an economic relationship that probably would have resulted in an

19  economic benefit to ACI;

20         b.     BEI knew or should have known of this relationship;

1          c.     BEI knew or should have known that this relationship would

2    be disrupted if it failed to act with reasonable care;

3          d.     BEI failed to act with reasonable care;

4          e.     BEI engaged in wrongful conduct through attempting to

5    prevent ACI from doing business with Vendors A, B, and C and promoted All

6    Current's recruitment of Ron Shearer;

7          f.     The relationship was disrupted;

8          g.     ACI was harmed;

9          h.     BEI's conduct was a substantial factor in causing ACI's harm.

10   *See* CACI § 2204 Negligent Interference with Prospective Economic

11   Relations

12                 <u>Key Evidence in Support of Counterclaim 4</u>

13         a.     *See* Key Evidence in Support of Counterclaim 3, <u>Section</u>

14   <u>III.C.</u>, *supra.*

15       **IV.  COUNTER DEFENDANT'S AFFIRMATIVE DEFENSES**

16   **A.**    **Counter Defendant's Affirmative Defense No. 1:  Parol Evidence &**
        **Statute of Frauds**

17       Counterclaimants understand that Counter Defendants have abandoned this

18   affirmative defense.

19

20

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 30
CASE NO. 2:13-CV-08723-AB-MRW

**B.     Counter Defendant's Affirmative Defense No. 2: Justification/Wrongful Conduct**

<u>Essential Elements Required to Establish Affirmative Defense of</u>

<u>Justification/Wrongful Conduct</u>

      a.      Counterclaimants' actions caused their own damages;

      b.      Counterclaimants' actions were wrongful; and

      c.      Counterclaimants are barred from recovery due to their

wrongful conduct, and BEI was justified in the actions it took.

*See* Civil Code § 3517.

<u>Key Evidence in Opposition to Affirmative Defense No. 2</u>

      a.      *See* Key Evidence in Support of Counterclaims 1-4, <u>Sections III.A -D.</u>, *supra*.

      b.      Further, oral testimony from Beiner will establish that BEI no longer engages in the sale of electric motor parts and that the reason he interfered was to prevent ACI from using what he terms "his vendors."  No other objective has been put forward as justification for the interference, which does not rise to a protectable "fair competition" interest.

**C.     Counter Defendant's Affirmative Defense No. 3:  No Fiduciary Relationship**

<u>Essential Elements to Establish No Fiduciary Duty Existed that BEI Breached.</u>

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 31
CASE NO. 2:13-CV-08723-AB-MRW

a.      BEI was not an agent, stock broker, real estate agent, real estate broker, corporate officer or partner of ACI.

*See* CACI § 4100 – "Fiduciary Duty" Explained.

<u>Key Evidence in Opposition to Affirmative Defense No. 3</u>

a.      *See* Key Evidence in Opposition to Claim No. 1, <u>Section I.A.</u>, *supra*, showing that ACI and BEI were engaged in a partnership.

**D.      Counter Defendant's Affirmative Defense No. 4:  Failure to Mitigate**

<u>Essential Elements to Establish Affirmative Defense No. 4</u>

BEI will claim that ACI's failure to agree to the sale of ACI to All Current constitutes failure to mitigate damages. BEI will also claim that ACI's failure to look for additional sources of credit and/or look for additional inventory constitutes failure to mitigate.

a.      If ACI suffered damages as a result of BEI's breach of contract or tortious act, ACI is not entitled to recover damages for harm that BEI proves ACI could have avoided with reasonable efforts or expenditures.

b.      The reasonableness of ACI's efforts are considered in light of the circumstances facing it at the time, including its ability to make the efforts or expenditures without undue risk or hardship.

c.      If ACI made reasonable efforts to avoid harm, than any award in its favor should include reasonable amounts that it spent for this purpose.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 32
CASE NO. 2:13-CV-08723-AB-MRW

*See Valle de Oro Bank v. Gamboa*, 26 Cal. App. 4th 1686, 1691, 32 Cal. Rptr. 2d 329 (1994); CACI § 358 Mitigation of Damages; CACI § 3931 Mitigation of Damages (Property Damage).

<u>Key Evidence in Opposition to Affirmative Defense No. 4</u>

a.    Email correspondence and text messages will show that BEI prohibited ACI from selling any of its inventory as of July 15, 2013.

b.    Jennifer will testify that as of July 15, 2013, she had unfilled orders.  Because she needed inventory to fill these unfilled orders she reached out to third party vendors, including Vendors A, B, and C to obtain the necessary parts.

c.    The All Current letter of interest contained a sales goal of $480,000 in sales per month through the date of closing.  Jennifer will testify, and the balance sheets and profit/loss statements from January 2013 through June 2013 will show, that this goal was unrealistic and would have put ACI in breach of the purchase and sale agreement, even if ACI had accepted the offer.

**E.    Counter Defendant's Affirmative Defense No. 5: Unclean Hands**

<u>Essential Elements to Establish Affirmative Defense No. 5</u>

a.    ACI's conduct was wrongful, inequitable or unconscionable;

b.    ACI's conduct relates to the subject matter of its claims.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 33
CASE NO. 2:13-CV-08723-AB-MRW

*See Kendall-Jackson Winery, Ltd. v. Superior Court,* 76 Cal. App. 4th 970, 979, 90 Cal. Rptr. 2d 743 (1999).

<u>Key Evidence in Opposition to Affirmative Defense No. 5</u>

a.    *See* Key Evidence in Opposition to Claim No. 1, <u>Section I.A.</u>, *supra*, demonstrating that no contract existed by which BEI had a right to sell ACI without Jennifer's consent.

b.    To the extent that BEI asserts that ACI/Jennifer were the first to breach any contract and thus have unclean hands, ACI/Jennifer rely on the Key Evidence in Opposition to Claim No. 1, <u>Section I.A.</u>, *supra*, and Key Evidence in Support of Affirmative Defenses 5, 6, and 7, <u>Sections II.E.</u>, <u>II.F.</u>, and <u>II.G.</u>, *supra.*

**F.    Counter Defendant's Affirmative Defense No. 6: *In Pari Delicto***

<u>Essential Elements Required to Establish Affirmative Defense No. 6</u>

a.    If the agreement between BEI and ACI, as alleged by ACI in its counter-claims, was required to be in writing to be enforceable and legal, then

b.    Counter-claimants are barred from recovery because the agreement was not in writing.

*See Kashani v. Tsann Kuen China Enterprise Co., Ltd.*, 118 Cal. App. 4th 531, 541, 13 Cal. Rptr. 3d 174 (2004)

<u>Key Evidence in Opposition to Affirmative Defense No. 6</u>

a.      ACI/Jennifer do not contend that the agreement between BEI and ACI had to be in writing.

## V.  ANTICIPATED EVIDENTIARY ISSUES

The parties do not anticipate any unusual evidentiary issues.

## VI.  ISSUES OF LAW

The issues in this case require factual determinations and are not pure issues of law.

## VII.  BIFURCATION OF ISSUES

The parties do not seek bifurcation of any issues.

## VIII.  JURY TRIAL

The parties have agreed to a bench trial.  *See* Dkt. No. 84.

## IX.  ATTORNEYS' FEES

Defendants seeks attorney fees pursuant to Cal. Civ. Code § 3426.4:

> If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorney's fees and costs to the prevailing party.  Recoverable costs hereunder shall include a reasonable sum to cover the services of expert witnesses, who are not regular employees of any party, actually incurred and reasonably necessary in either, or both, preparation for trial or arbitration, or during trial or arbitration, of the case by the prevailing party.

Defendants also seek attorneys' fees related to the lease dispute under paragraph 31 of the Transport Street lease.

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 35
CASE NO. 2:13-CV-08723-AB-MRW

1

## X.  ABANDONMENT OF ISSUES

2        Defendants identified abandoned claims and defenses above.

3        RESPECTFULLY SUBMITTED AND DATED this 5th day of January,

4   2015.

5                                TERRELL MARSHALL DAUDT
                                   & WILLIE PLLC
6
                                 By:   /s/ Mary B. Reiten, CSB#203412
7                                      Beth E. Terrell, CSB #178181
                                       Email:  bterrell@tmdwlaw.com
8                                      Mary B. Reiten, CSB #203412
                                       Email:  mreiten@tmdwlaw.com
9                                      936 North 34th Street, Suite 300
                                       Seattle, Washington  98103-8869
10                                     Telephone: (206) 816-6603
                                       Facsimile: (206) 350-3528
11
                                 *Attorneys for Defendants Adam Caldwell, Inc.*
12                               *and Jennifer Caldwell*

13

14

15

16

17

18

19

20

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 36
CASE NO. 2:13-CV-08723-AB-MRW

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Mary B. Reiten, hereby certify that on January 5, 2015, I electronically

3

filed the foregoing with the Clerk of the Court using the CM/ECF system which

4

will send notification of such filing to the following:

5

6
            Brook J. Carroll, CSB #210659
            Email:  bcarroll@clarkeversonlaw.com
            Email:  kking@clarkeversonlaw.com

7
            CLARK EVERSON
            200 North Westlake Blvd., Suite 201

8
            Westlake Village, CA 91362
            Telephone:  (805) 322-4949

9
            Facsimile:  (805) 322-4958

10
            *Attorneys for Plaintiff*

11
    DATED this 5th day of January, 2015.

12

13
                        TERRELL MARSHALL DAUDT
                         & WILLIE PLLC

14
                        By:   /s/ Mary B. Reiten, CSB #203412
                            Mary B. Reiten, CSB #203412

15
                            Email:  mreiten@tmdwlaw.com
                            936 North 34th Street, Suite 300

16
                            Seattle, Washington  98103-8869
                            Telephone: (206) 816-6603

17
                            Facsimile: (206) 350-3528

18
                        *Attorneys for Defendants Adam Caldwell, Inc.*
                        *and Jennifer Caldwell*

19

20

DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW - 37
CASE NO. 2:13-CV-08723-AB-MRW