Brook J. Carroll, SBN 210659
Danielle R. Everson, SBN 274394
Clark*Everson LLP
200 N. Westlake Blvd., Ste. 201
Westlake Village CA 91362
805-322-4949 (t)
805-322-4958 (f)
bcarroll@clarkeversonlaw.com
deverson@clarkeversonlaw.com

Attorneys for Plaintiff/Counter-Defendant
Beiner Enterprises, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEINER ENTERPRISES, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM CALDWELL, INC., a California Corporation; and JENNIFER CALDWELL, an individual,<br><br>Defendants;<br>_____<br><br>And Related Counter-Claim. | **CASE NO.:  2:13 CV8723 ABC MRWx**<br>**Hon. André Birotte Jr.**<br><br>**BEINER ENTERPRISES, INC.'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>**Pre-Trial Conf.: January 26, 2015**<br>**Time: 11:00 a.m.**<br><br>**Trial: February 17, 2015**<br>**Time: 8:30 a.m.** |

Pursuant to Local Rule 16, plaintiff/counter-defendant Beiner Enterprises, Inc. (BEI) hereby submits the following Memorandum of Contentions of Fact and Law:

### 1. BEI'S CLAIMS AND DEFENSES

(a) BEI intends to pursue the following claims against the following defendants:

Claim 1:  Adam Caldwell, Inc. (ACI) breached an oral agreement with BEI;

Claim 2:  Defendants ACI and Jennifer Caldwell breached their fiduciary duties to BEI;

1
**MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Claim 3: Defendant ACI engaged in unfair competition in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125;

Claim 4: ACI and Jennifer Caldwell intentionally interfered with BEI's expected business advantage;

Claim 5: ACI and Jennifer Caldwell willfully interfered with and wrongfully took possession of property belonging to BEI; and

Claim 6: Declaratory relief against Defendants.

In response to ACI's counter-claims, BEI intends to assert the following affirmative defenses:

First Affirmative Defense: Plaintiff asserts that counter-claimants first breached their agreement with Plaintiff that justified and excused the conduct alleged in the counter-claims.

Second Affirmative Defense: Plaintiff asserts that any losses or financial harm suffered by the counter-claimants was caused by their own conduct, not because of Plaintiff's wrongful conduct.

Third Affirmative Defense: Plaintiff asserts that counter-claimants have failed to mitigate their claimed damages.

Fourth Affirmative Defense: Plaintiff asserts that counter-claimant's claims are barred because of the doctrines of unclean hands.

Fifth Affirmative Defense: Plaintiff asserts that counter-claimants' claims are barred because of the doctrine of *in pari delicto*.

(b) The elements required to establish Plaintiff's claims are:

Elements Required to Establish Plaintiff's Claim for Breach of Contract

1. Plaintiff and Defendant entered into a contract;

2. Plaintiff did all, or substantially all, of the significant things that the contract required it to do, or it was excused from doing those things;

3. All conditions required by the contract for Defendants' performance had occurred or were excused;

4. Defendants failed to do something that the contract required them to do; and

5. Plaintiff was harmed by that failure.

See: Cal. Civil Code Section 1622; Judicial Council of California Civil Jury Instruction No. 303 (2013).

Elements Required to Establish Plaintiff's Claim for Breach of Fiduciary Duty

1. Defendants were Plaintiff's agents;

2. Defendants knowingly acted against Plaintiff's best interests in connection with the assets and money belonging to BEI and in the potential sale of the business assets to All Current Electric, including their duties of loyalty, due care, cooperation, keeping BEI informed and accounting to BEI;

3. Plaintiff did not consent to Defendants' conduct;

4. Plaintiff was harmed; and

5. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

*See*: Cal. Civil Code section 2295; Michelson v. Hamada (1994) 29 Cal.App.4th 1566, 1575-1576; Fischer v. Machado (1996) 50 Cal.App.4th 1069, 1072; Northern Counties Bank v. Earl Himovitz & Sons Livestock Co. (1963) 216 Cal.App.2d 849, 859 Judicial Council of California Civil Jury Instruction No. 4102 (2013).

Elements Required to Establish Plaintiff's Claim for Unfair Competition in Violation of § 43 of the Lanham Act, 15 U.S.C. § 1125

1.   Defendants have used Plaintiff's trade name in interstate commerce in connection with Defendants' goods or services;

2.   Defendants' use of Plaintiff's trade name is likely to cause confusion, mistake, or deception as to Defendants' affiliation, connection, or association with Plaintiff, or the origin, sponsorship, or approval of Defendants' products; and

3.   Plaintiff has been or is likely to be damaged by Defendants' acts.

*See* Mallard Creek Industries, Inc. v. Morgan (1997) 56 Cal.App.4th 426, 440-441; Lanham Act section 43(a), 15 U.S.C. § 1125.

///

///

3

**MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Elements Required to Establish Plaintiff's Claim for Intentional Interference with Expected Business Advantage

1. Plaintiff and All Current Electric were in an economic relationship that probably would have resulted in an economic benefit to Plaintiff;

2. Defendants knew of the relationship;

3. Defendants engaged in wrongful conduct by breaching the oral agreement, breaching their fiduciary duties to BEI, by refusing to cooperate with the sale to All Current Electric, by failing to turn over the intangible business assets (P21 data, trade name, phone numbers and website), by threatening to exclude the plaintiff from the Transport Street location and to box up and remove Plaintiff's inventory, by sending customers misleading information and by using the Plaintiff's vendor relationships to their own advantage;

4. By engaging in this conduct, Defendants intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur;

5. The relationship was disrupted;

6. Plaintiff was harmed; and

7. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

*See* Korea Supply Co. v. Lockheed Martin Corp. (2003) 29 Cal.4th 1134, 1153–54 (2003); Della Penna v. Toyota Motor Sales, U.S.A., Inc. (1995) 11 Cal.4th 376, 393; Powerhouse Motorsports Group, Inc. v. Yamaha Motor Corporation (2013) 221 Cal.App.4th 867, 883-884; Reeves v. Hanlon (2004) 33 Cal.4th 1140, 1148; Judicial Council of California Civil Jury No. 2201 (2013); Judicial Council of California Civil Jury Instruction No. 2202 (2013).

Elements Required to Establish Plaintiff's Claim for Conversion

1. Plaintiff had the superior right to the cash on hand and the accounts receivable attributable to the sales of BEI's inventory as of July 12, 2013 (Cash of $51,501.62, A/R of $441,662.75);

2. Defendants' intentionally and substantially interfered with Plaintiff's property by retaining possession of the cash and accounts receivable and refusing to turn it over to BEI;

3. Plaintiff did not consent to ACI's retention of the cash and A/R;

4. Plaintiff was harmed; and

5. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

*See* Haigler v. Donnelly (1941) 18 Cal.2d 674, 681; Fischer v. Machado (1996) 50 Cal.App.4th 1069 1072–1074; Judicial Council of California Civil Jury Instruction No. 2100 (2013)

Elements Required to Establish Plaintiff's Claim for Declaratory Relief

1. There is a substantial controversy between Plaintiff and Defendants, namely whether BEI is the rightful owner, exclusively or jointly with ACI, of all of the information and data contained in the Prophet 21 databases through July 16, 2013, whether BEI is entitled to undisturbed joint possession of the leased premises on Transport Street in Ventura County, California, and whether BEI is the rightful owner of the cash and A/R from the sale of BEI's inventory through July 12, 2013;

2. Plaintiff and Defendants have adverse legal interests; and

3. Those adverse legal interests are of sufficient immediacy to justify declaratory relief.

*See* California Code of Civil Procedure § 1060; 28 U.S.C. section 2201.

**BEI's Affirmative Defenses**

Elements Required to Establish Plaintiff's Defense of Justification/Wrongful Conduct

1. Counter-claimants' actions caused their own damages;

2. Counter-claimants' actions were wrongful; and

3. Counter-claimants are barred from recovery due to their wrongful conduct, and BEI was justified in the actions it took.

*See* Civil Code § 3517.

Elements Required to Establish Plaintiff's Defense of Mitigation of Damages

1. Counter-claimants failed to use reasonable efforts to mitigate damages; and

2. The amount by which damages would have been mitigated.

*See* Ninth Circuit Manual of Model Civil Jury Instructions § 5.3 (2007); See Generally:

Parker v. Twentieth Century-Fox Film Corp. (1970) 3 Cal.3d 176.

Elements Required to Establish Plaintiff's Defense of Unclean Hands

1.  Counter-claimants have violated conscience, good faith or other equitable principles in their prior conduct with Plaintiff; and

2.  Counter-claimants' conduct is a bar to any recovery.

See Kendall-Jackson Winery, Ltd v. Superior Court (1999) 76 Cal. App.4th 970, 978-79.

Elements Required to Establish Plaintiff's Defense of *In Pari Delicto*

1.  If the agreement between BEI and ACI, as alleged by ACI in its counter-claims, was required to be in writing to be enforceable and legal, then

2.  Counter-claimants are barred from recovery because the agreement was not in writing.

See Kashani v. Tsann Kuen China Enterprise Co., Ltd. (2004) 118 Cal.App.4th 531, 541.

(c) In brief, the key evidence Plaintiff relies on for each of the claims is:

Claim 1 (Breach of contract): Beiner's testimony that in 2004, BEI and ACI made an oral agreement that ACI would act as the sales agent for BEI, that BEI would retain control of the business operations while Beiner was alive, but that if Beiner were to die or retire, Adam Caldwell would have the right to continue operating the business through ACI for his benefit and would pay Beiner's estate for BEI's inventory. Beiner's testimony and exhibits that he controlled all aspects of the business operations until July 2013. Beiner's, Caldwell's and Gonzalez's testimony concerning the actual business operations for the subsequent almost ten years, namely that Beiner controlled the business operations and that he directed the remittance and payment of monies for the business enterprise.

Claim 2 (Breach of fiduciary duty): Beiner's testimony that ACI was the sales arm for BEI. Caldwell's testimony that ACI sold BEI's inventory as an agent of BEI; and exhibit regarding the same. Beiner's, Caldwell's and Gonzalez's testimony concerning the actual business operations for the period from 2004 through July 2013, namely that Beiner controlled

the business operations and that he alone directed the remittance and payment of all monies for the business enterprise.

Claim 3 (Unfair Competition): Beiner's and Caldwell's testimony that ACI continued to use of the unregistered "B&B Electric Sales" trade name once Beiner no longer consented to this use after July 2013.

Claim 4 (Interference with Economic Interest): Beiner's testimony that in August 2013, All Current Electric presented an offer to purchase certain assets to BEI and ACI, which would have resulted in a sale of the business enterprise for $6,000,000, with $4,000,000 paid to Beiner and $2,000,000 paid to Caldwell, but that Beiner lost out on that sale because Caldwell refused to cooperate and breached her obligations and duties owed to him. Beiner's testimony that he entered into a contract to sell assets to All Current Electric, Inc., including Beiner's primary vendor, and that ACI interfered with that contract by using Beiner's primary vendor and depriving Beiner of $128,438.07 from his contract with All Current Electric.

Claim 5 (Conversion): Beiner's and Gonzalez's testimony that in July 2013, ACI was holding cash and cash equivalents of $51,501.62 and A/R of $441,662.75 that belonged to Beiner that was derived solely from the sale of BEI's inventory, and that would have, under the parties' longstanding business practices, been paid to BEI net of operating expenses for the period when the money was received. Beiner's testimony that all of the business assets used by ACI were his and were, in effect, loaned to ACI at Beiner's sole discretion. Finally, the terms of the lease do not permit ACI to exclude BEI from the premises.

Claim 6 (Decl. Relief): Beiner's testimony that he loaned the trade name to ACI, but did not transfer it outright. Caldwell's testimony and the security transfer agreement that she paid no consideration for ACI or for her stock in the company. Beiner's testimony that ACI attempted to and threatened to exclude him from the business premises and box up his inventory unless he moved it all out of the leased premises. Beiner's testimony that all of the intangible business assets were his and remained his under the terms of the agreement with ACI in 2004.

First Affirmative Defense: ACI and Caldwell refused to cooperate and refused to sell

BEI's material unless Beiner agreed to a new and revised business agreement; further Beiner was not the cause of any claimed lost profits – Caldwell caused her own claimed harm by refusing to cooperate and by taking BEI's business assets for her own.

Second Affirmative Defense: ACI and Caldwell refused to sell assets of the business enterprise to All Current Electric for $2,000,000 in August 2013, which would have more than compensated her for the lost profits she is claiming; further, ACI and Caldwell have not sought to purchase or finance sufficient inventory, through no fault or action of BEI.

Third Affirmative Defense: Caldwell and ACI have failed to abide by their obligations to BEI, have failed to act in BEI's best interests, have not turned over and accounted for the cash and A/R but instead have used it for their own gain; have and have been untruthful about their business operations in obtaining credit.

Fourth Affirmative Defense: If the statute of frauds applies, it applies equally to Caldwell and ACI's claims.

(d) **Defendants' Affirmative Defenses**

A.   Defendants' Affirmative Defense 1: Failure to State a Claim on Which Relief may be Granted

a.   Defendants contend that BEI cannot prove the existence of a contract that permits BEI to sell ACI without its principal's agreement, which defeats BEI's first claim for breach of contract.

b.   Defendants contend that BEI's breach of fiduciary duty claim is preempted by the California Uniform Trade Secrets Act (CUTSA), and should be dismissed.

*See* Cal. Civ. Code § 3426.7; see also Section II.D., infra.

B.   Defendants' Affirmative Defense 2: Statute of Frauds

Defendants abandon this affirmative defense.

C.    Defendants' Affirmative Defense 3:  Failure to Mitigate Damages

Essential Elements Required to Establish BEI Failed to Mitigate its Damages

a.   If BEI suffered damages as a result of ACI or Jennifer's breach of contract or tortious act, BEI is not entitled to recover damages for harm that ACI or Jennifer proves BEI

could have avoided with reasonable efforts or expenditures.

b.  The reasonableness of BEI's efforts are considered in light of the circumstances facing it at the time, including its ability to make the efforts or expenditures without undue risk or hardship.

c.  If BEI made reasonable efforts to avoid harm, than any award in its favor should include reasonable amounts that it spent for this purpose.

*See* Valle de Oro Bank v. Gamboa, 26 Cal. App. 4th 1686, 1691, 32 Cal. Rptr. 2d 329 (1994); CACI § 358 Mitigation of Damages; CACI § 3931 Mitigation of Damages (Property Damage).

D.  Defendants' Affirmative Defense 4:  BEI's Breach of Fiduciary Duty Claim is Preempted by the California Uniform Trade Secrets Act (CUTSA).

Essential Elements Required to Establish Affirmative Defense 4

a.  The CUTSA preempts common law claims that are based on the same set of facts as the misappropriation of trade secrets claim for relief;

b.  To the extent BEI's claims that ACI/Caldwell breached their fiduciary duty based on the misappropriation of trade secrets, these claims are preempted and should be dismissed.

*See* K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc., 171 Cal. App. 4th 939, 958, 90 Cal. Rptr. 3d 247 (2009).

E.  Defendant's Affirmative Defense 5:  Unclean Hands

Essential Elements to Establish Affirmative Defense 5

a.  BEI's conduct was wrongful, inequitable or unconscionable;

b.  BEI's conduct relates to the subject matter of its claims.

*See* Kendall-Jackson Winery, Ltd. v. Superior Court, 76 Cal. App. 4th 970, 979, 90 Cal. Rptr. 2d 743 (1999); Unilogic, Inc. v. Burroughs Corp., 10 Cal. App. 4th 612, 621, 12 Cal. Rptr. 2d 741 (1992) (finding doctrine of unclean hands applicable to conversion claim); Emco, Inc. v. Obst., No. 03-6432, 2004 WL 1737355, at *4 (C.D. Cal. May 7, 2004) (finding doctrine of unclean hands provides a defense to false advertising claims under the Lanham

Act)

**F. Defendants' Affirmative Defense 6: BEI has Waived its Right to Claim Ownership of or the Right to Control ACI**

<u>Essential Elements Required to Establish Affirmative Defense 6</u>

a. Assuming a contract existed between BEI and ACI at the time that ACI's principal was Adam, BEI knew ACI could be forced to sell whether Adam agreed to the sale or not;

b. That BEI freely and knowingly gave up its right to have ACI and perform this obligation when it failed to inform Jennifer of this agreement;

c. Waiver may be oral, written, or arise from conduct that shows that BEI gave up that right;

d. If ACI and Jennifer prove that BEI gave up its right to ACI and Jennifer's performance under their contract, then ACI and Jennifer were not required to sell ACI without Jennifer's consent.

*See* CACI § 336 Affirmative Defense – Waiver

**G. Defendants' Affirmative Defense 7: Estoppel**

<u>Essential Elements Required to Establish Affirmative Defense 7</u>

a. That BEI (the party to be estopped) must know the facts;

b. BEI intended that its conduct will be acted on, or must act in such a way that ACI and Jennifer had the right to believe that the conduct was so intended;

c. ACI and Jennifer must be ignorant of the true state of facts; and

d. ACI and Jennifer relied on BEI's conduct to their detriment.

*See* <u>Ashou v. Liberty Mut. Fire Ins. Co</u>., 138 Cal. App. 4th 748, 766–67, 41 Cal. Rptr. 3d 819 (2006)

(f) There are no anticipated evidentiary issues.

(g) There are no anticipated issues of law.

## 2. BIFURCATION OF ISSUES

There are no bifurcation of issues.

## 3. ATTORNEY FEES

Plaintiff alleges that it is entitled to an award of attorney fees under the lease agreement because ACI has wrongfully excluded BEI from the jointly-leased premises on Transport Street in Ventura County, California. BEI seeks, and is entitled to undisturbed and equal possession as a co-tenant with ACI. Paragraph 31 of the written lease provides that: "If any Party or Broker brings an action or proceeding involving the Premises, whether founded in tort, contract or equity, or to declare rights hereunder, the Prevailing Party (as hereafter defined) in any such action, proceeding or appeal thereon, shall be entitled to reasonable attorney fees." Under Civil Code section 1717, BEI is entitled to contractual fees as a party prevailing on its claim for declaratory relief.

## 4. ABANDONMENT OF ISSUES

BEI is not pursuing its claim against ACI for intentional interference with existing contract. BEI is not pursuing injunctive relief related to BEI's inventory because that particular claim is now moot.

CLARK*EVERSON LLP


By: _____/s/_____
    BROOK J. CARROLL
    DANIELLE R. EVERSON
    Attorneys for BEINER ENTERPRISES, Inc.

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF VENTURA

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed with Clark*Everson LLP. On January 5, 2015, I served the following document on the interested parties in said action as follows:

**BEI'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

[**XX**]   **BY ELECTRONIC SERVICE** on the following party(ies) in said action, in accordance with Federal Rules of Civil Procedure, Rule 5(b)(2)(D), by scanning and emailing, addressed as set forth below

### SERVICE LIST

| | |
|---|---|
| Beth Terrell<br>Mary Reiten<br>TERRELL MARSHALL DAUDT & WILLIE PLLC<br>936 N. 34TH Street, Suite 300<br>Seattle, Washington 98103-8869 | **Attorneys for Defendants/Counter-Claimants**<br>**PH:** (206)816-6603<br>**FAX:** (206) 350-3528<br>mreiten@tmdwlaw.com<br>bterrell@tmdwlaw.com |

[  ]   (**State**) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[**XX**]   (**Federal**) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 5**,** 2015 at Westlake Village, California.

_____/s/_____
Brook J. Carroll