Beth E. Terrell, CSB #178181
Email: bterrell@tmdwlaw.com
Mary B. Reiten, CSB #203412
Email: mreiten@tmdwlaw.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528

*Attorneys for Defendants Adam Caldwell,
Inc. and Jennifer Caldwell*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEINER ENTERPRISES, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADAM CALDWELL, INC., a California corporation; and JENNIFER CALDWELL, an individual,<br><br>Defendants. | NO. 2:13-cv-08723-AB-MRW<br><br>**DEFENDANTS ADAM CALDWELL, INC. AND JENNIFER CALDWELL'S TRIAL BRIEF**<br><br>Hon. André Birotte Jr.<br><br>Complaint filed: September 5, 2013<br><br>TRIAL: February 17, 2015<br>TIME: 9:30 a.m.<br>LOCATION: Spring St. Courthouse 2nd floor, Courtroom 4 |
| ADAM CALDWELL, INC., a California corporation; and JENNIFER CALDWELL, an individual,<br><br>Counterclaim Plaintiffs,<br><br>v.<br><br>BEINER ENTERPRISES, INC., a Washington corporation,<br><br>Counterclaim Defendant. | |

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF

# TABLE OF CONTENTS

Page No.

I. PLAINTIFF'S CLAIMS ........................................................................... 1

    A. Plaintiff's Claim 1: Breach of Contract .............................................. 1

        1. BEI and ACI Were Engaged in a Partnership ......................... 1

        2. A Partnership may be Controlled by One Partner ................... 2

        3. As a Partner, BEI May Not Act Contrary to ACI's Best Interest ............................................................................... 3

    B. Plaintiff's Claim 2: Breach of Fiduciary Duty .................................. 3

    C. Plaintiff's Claim 3: Violation of Lanham Act § 43, 15 U.S.C. § 1125 ................................................................................ 4

    D. Plaintiff's Claim 4: Interference with Economic Interest ................. 4

        1. Essential Elements to Prove Intentional Interference with Expected Business Advantage ........................................ 4

        2. Key Evidence in Opposition to Claim 4 .................................. 5

        3. Response to BEI's Memorandum of Contentions of Facts and Law ............................................................................ 6

    E. Plaintiff's Claim 5: Conversion ......................................................... 7

    F. Plaintiff's Claim 6: Declaratory Relief .............................................. 8

        1. BEI's Trade Secret Claim is Preempted .................................. 9

        2. BEI is not Entitled to Joint Possession .................................... 9

        3. ACI Owns Cash on Hand and Accounts Receivables ............ 10

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF - i

|   |   |   | 4. | BEI Does Not Own the Trade Name B&B Electric Sales .......................................................................................10 |
|---|---|---|---|---|
|   | II. | BEI'S AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS ..................................................................................10 |
|   |   | A. | BEI's Affirmative Defense No. 1: Justification/Wrongful Conduct ...................................................................................11 |
|   |   | B. | BEI's Affirmative Defense No. 2: Mitigation of Damages ..............11 |
|   |   | C. | BEI's Affirmative Defense No. 3: Unclean Hands...........................12 |
|   |   | D. | BEI's Affirmative Defense No. 4: In Pari Delicto............................12 |

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Digital Envoy, Inc. v. Google, Inc.*,
   370 F. Supp. 2d 1025 (N.D. Cal. 2005)..........................................................9

*In re Tsurukawa*,
   287 B.R. 515 (9th Cir. 2002) ........................................................................2

*Language Line Serv. v. Language Servs. Assoc., Inc.*,
   944 F. Supp. 2d 775 (N.D. Cal. 2013)..........................................................9

*Matrix Essentials, Inc. v. Cosmetic Gallery, Inc.*,
   870 F. Supp. 1237 (D. N.J. 1994).................................................................4

## STATE CASES

*Fischer v. Machado*,
   50 Cal. App. 4th 1069, 58 Cal. Rptr. 2d 213 (1996) .....................................1

*Holmes v. Lerner*,
   74 Cal. App. 4th 442, 88 Cal. Rptr. 2d 130 (1999) .......................................1

*K.C. Multimedia, Inc. v. Bank of Am, Tech. & Operations, Inc.*,
   17 Cal. App. 4th 939, 90 Cal. Rptr. 3d 247 (2009) .......................................9

*Kendall-Jackson Winery, Ltd. v. Superior Court*,
   76 Cal. App. 4th 970, 90 Cal. Rptr. 2d 743 (1999) .....................................12

*Mallard Creek Indus., Inc. v. Morgan*,
   56 Cal. App. 4th 426, 65 Cal. Rptr. 2d 461 (1997) .......................................4

*Moulin v. Der Zakarian*,
   191 Cal. App. 2d 184, 12 Cal. Rptr. 572 (1961) ...........................................2

*Page v. Page*,
   55 Cal.2d 192, 10 Cal. Rptr. 643 (1961) ......................................................3

*PMC, Inc. v. Saban Entm't, Inc.*,
   45 Cal. App. 4th 579, 52 Cal. Rptr. 2d 877 (1996) .........................................7

*Reeves v. Hanlon*,
   33 Cal.4th 1140, 17 Cal. Rptr. 3d 289 (2004) ............................................6, 7

*Singleton v. Fuller*,
   118 Cal. App. 2d 733, 259 P.2d 687 (1953).....................................................2

*Tannehill v. Finch*,
   188 Cal. App. 3d 224, 232 Cal. Rptr. 749 (1986) ........................................10

*Unilogic, Inv. v. Burroughs Corp.*,
   10 Cal. App. 4th 612, 12 Cal Rptr. 741 (1992) ............................................12

*Valle de Oro Bank v. Gamboa*,
   26 Cal App. 4th 1686, 32 Cal. Rptr. 2d 329 (1994) ....................................11

**STATE STATUTES**

Cal. Civ. Code § 1624.................................................................................................12

Cal. Corp. Code § 16103..............................................................................................3

Cal. Corp. Code § 16202..............................................................................................1

Cal. Corp. Code § 16404(a) .........................................................................................1

Cal. Corp. Code § 16601..............................................................................................9

Cal. Corp. Code § 16603(1)....................................................................................9, 10

Cal. Evid. Code § 662 ................................................................................................10

**OTHER AUTHORITIES**

CACI § 2201 ................................................................................................................5

CACI § 2202 ................................................................................................................5

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF - iv

Defendants Adam Caldwell, Inc. ("ACI") and Jennifer Caldwell ("Jennifer") submit this trial brief in response to Plaintiff Beiner Enterprises, Inc.'s ("BEI") Memorandum of Contentions of Facts and Law.

## I. PLAINTIFF'S CLAIMS

**A.  Plaintiff's Claim 1: Breach of Contract**

Plaintiff bases its claim of breach of contract on the premise that BEI and ACI were engaged in an agency relationship that BEI controlled. BEI reasons that because it controlled ACI, it could demand that ACI sell itself to a competitor, All Current Electric ("All Current"), on terms that were disadvantageous to ACI. BEI further reasons that ACI's refusal to submit to such a sale resulted in a breach of the agency contract. But in reality, BEI and ACI were engaged in a partnership relationship.

Defining the legal relationship between the parties in this case matters because it will determine the fiduciary responsibilities each owes to the other. In a partnership, a partner is a fiduciary for all other partners. Cal. Corp. Code § 16404(a). In an agency relationship, the fiduciary responsibilities reside only with the agent. *Fischer v. Machado*, 50 Cal. App. 4th 1069, 1071, 58 Cal. Rptr. 2d 213 (1996) ("The obligations of an agent are the same as those imposed on a trustee.") ACI believed it was engaged in a partnership and that it and BEI owed each other equal fiduciary responsibilities.

1.  <u>BEI and ACI Were Engaged in a Partnership</u>

In a partnership, two parties carry on a business enterprise with the intention of making a profit. Cal. Corp. Code § 16202; *see also Holmes v. Lerner*, 74 Cal. App. 4th 442, 453-57, 88 Cal. Rptr. 2d 130 (1999) (finding that intent may be determined through the parties' agreements, conduct, and surrounding circumstances). Here, the evidence will show that BEI and ACI shared the profits, losses, and management of the partnership, such as hiring and

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF - 1

firing personnel, day-to-day management, and inventory purchases.  Pursuant to the parties' oral partnership agreement, ACI paid BEI a "special markup" on monthly gross sales, which represented BEI's share of the partnership profits.  ACI retained a smaller amount to cover its overhead expenses.  In exchange for this unequal distribution of profits, BEI's owner, Lance Beiner ("Beiner") promised ACI that when he retired, ACI and BEI would become a single company under the leadership of ACI's ownership.

### 2. A Partnership may be Controlled by One Partner

BEI will argue that ACI gave up its control in the partnership, and therefore, ACI acted solely as BEI's agent.   The evidence will show ACI did not give us complete control; rather, ACI and BEI shared responsibilities.  But even if the Court finds ACI ceded complete control to BEI, lack of control by one party does not define whether a partnership exists as opposed to an agency.  Indeed, the decision to give up control is, in itself, indicative of control by a partner. *Moulin v. Der Zakarian*, 191 Cal. App. 2d 184, 190, 12 Cal. Rptr. 572 (1961) ("The execution of an agreement relinquishing control is itself an exercise of the requisite right of control over the conduct of the partnership business."); *see also In re Tsurukawa*, 287 B.R. 515, 521 (9th Cir. 2002) ("[A] partnership can exist as long as the parties have the right to manage the business [citation omitted], even though in practice one partner relinquishes the day-to-day management of the business to the other partner.").  And ACI's agreement that BEI would take the majority of ACI's gross receipts in the form of a "special markup" also indicates control by a partner, particularly as it was in exchange for future benefits. *Singleton v. Fuller*, 118 Cal. App. 2d 733, 741, 259 P.2d 687 (1953) ("The fact that the agreement between them is that only one party may share in the gross receipts does not necessarily negative the existence of a partnership.").

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF - 2

The evidence will show that a partnership existed between BEI and ACI; it is the terms of that partnership that are in dispute. What the parties do not dispute is that these terms were never written down. Under California law, in the absence of a written partnership agreement, California's Uniform Partnership Act, Cal. Corp. Code §16100, *et seq.* ("UPA"), governs their relationship. *See* Cal. Corp. Code § 16103(a).

### 3. As a Partner, BEI May Not Act Contrary to ACI's Best Interest

The UPA provides that a partnership agreement may not eliminate the duties of loyalty, care, or good faith and fair dealing between partners. Cal. Corp. Code § 16103(b)(3), (4), & (5); *Page v. Page*, 55 Cal.2d 192, 197, 10 Cal. Rptr. 643 (1961) (citations omitted) ("Partners are trustees for each other, and in all proceedings connected with the conduct of the partnership every partner is bound to act in the highest good faith to his copartner, and may not obtain any advantage over him in the partnership affairs by the slightest misrepresentation, concealment, threat, or adverse pressure of any kind.") BEI's argument that it had the authority to sell ACI to All Current without ACI's consent and for terms that did not benefit ACI runs counter to this mandate. Thus, ACI acted reasonably and justifiably when it rejected BEI's demand that it submit to being sold. It did not breach any contracts with BEI.

## B. Plaintiff's Claim 2:  Breach of Fiduciary Duty

BEI asserts breach of fiduciary duty claims against both ACI and Jennifer on the same grounds – namely that Jennifer and ACI refused to permit ACI to be sold to All Current without ACI's consent and on terms unfavorable to ACI. As set forth above, the evidence will show that BEI and ACI were engaged in a partnership. Thus, BEI's unreasonable demand that ACI sell itself, and ACI's subsequent refusal, did not breach any fiduciary duties owed by ACI or Jennifer to BEI. Additionally, as to Jennifer, BEI does not allege that the corporate veil

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF - 3

should be pierced to hold Jennifer personally responsible for actions taken by ACI.

## C. Plaintiff's Claim 3: Violation of Lanham Act § 43, 15 U.S.C. § 1125

BEI claims that ACI's continued use of the trade name B&B Electric Sales violates the Lanham Act. To prevail on a Lanham Act claim, BEI must show not only a protectable ownership interest, but also that ACI's use of the trade name is likely to cause confusion. *Matrix Essentials, Inc. v. Cosmetic Gallery, Inc.*, 870 F. Supp. 1237, 1253 (D. N.J. 1994) ("[T]he touchstone of a section 1125(a) unfair competition claim is whether the defendants' actions are 'likely to cause confusion.'"). In *Matrix Essentials*, the court found no likelihood of confusion because although Matrix' produce was being sold by unauthorized distributors who were damaging its packaging, it was still Matrix's product. *Id.* at 1251 ("The actions undertaken by defendants in no way compromised the quality of Matrix hair products themselves.") Here, ACI has been using the trade name B&B Electric Sales since 2004. BEI will be unable to demonstrate that ACI's continued use of the trade name is likely to cause confusion.[1]

## D. Plaintiff's Claim 4: Interference with Economic Interest

In Defendants' Memorandum of Contentions of Facts and Law, Defendants incorrectly asserted that Plaintiff had abandoned this claim. Defendants now submit the following in defense to this claim.

1. <u>Essential Elements to Prove Intentional Interference with Expected Business Advantage</u>

    a. BEI and All Current were in an economic relationship that probably would have resulted in an economic benefit to Plaintiff;

---

[1] BEI cites to *Mallard Creek Indus., Inc. v. Morgan*, 56 Cal. App. 4th 426, 65 Cal. Rptr. 2d 461 (1997), as support for damages under the Lanham Act. But *Mallard Creek* deals with California law, not federal law. *See generally id.* at 433-40 (discussing elements of trademark infringement under California statutory law).

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF - 4

      b.     ACI and Jennifer knew of this relationship;

      c.     ACI and Jennifer engaged in conduct to interfere in this relationship by allegedly breaching an oral agreement, breaching fiduciary duties, refusing to cooperate in the sale of ACI to All Current, failing to turn over intangible business assets, threatening to exclude BEI from the Transport Street location, threatening to box up and remove BEI's inventory, sending customers misleading information, and using vendor relationships to ACI's advantage;

      d.     By engaging in this conduct, ACI and Jennifer intended to disrupt the relationship or knew that disruption of the relationship was certain or substantially certain to occur;

      e.     The relationship was disrupted;

      f.     BEI was harmed;

      g.     ACI and Jennifer's conduct was a substantial factor in causing BEI's harm.

CACI §§ 2201 (Intentional Interference with Contractual Relations), 2202 (Intentional Interference with Prospective Economic Relations).

    2.    <u>Key Evidence in Opposition to Claim 4</u>

      a.     Evidence in support of opposition to Claim 1;

      b.     Evidence in support of opposition to Claim 2;

      c.     Email correspondence and offer from All Current demonstrating that offer did not create a contract but was contingent on All Current satisfactorily completing its due diligence as well as ACI maintaining $480,000 per month in sales, which was an unreasonable expectation and had not been done in the past with the exception of January 2013.

      d.     Correspondence between Beiner and All Current will demonstrate that All Current changed the terms of the deal after completing its due diligence and without reference to ACI, and Beiner accepted the lower

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF - 5

amount of $3 million, rather than the original amount specified in All Current's Letter of Intent of $4 million.

3. <u>Response to BEI's Memorandum of Contentions of Facts and Law</u>

BEI premises its claim for interference with economic interest on fiduciary duties of an agent owed to a principle. But, as stated above, the parties were engaged in a partnership, with equal fiduciary duties owed on both sides. Each of the actions that BEI alleges "interfered" with its ultimate sale to All Current all flow from BEI's attempt to sell ACI without its consent and on terms unfavorable to ACI, which breached no duties owed to BEI.

BEI also argues that ACI interfered with its ability to obtain an "earn out" of $500,000, which was part of the All Current purchase and sale agreement. That is, All Current promised to pay BEI $500,000, if it (All Current) issued $300,000 of purchase orders to Vendor A over a six month period. All Current only issued purchase orders to Vendor A for approximately $223,000, and BEI earned only $372,000 of the "earn out." BEI blames ACI for All Current's failure to issue $300,000 in purchase orders to Vendor A, which prevented BEI from obtaining the balance of the "earn out."

To prove ACI interfered with this future economic interest, BEI must demonstrate that ACI "engaged in an independently wrongful act in disrupting the relationship." *Reeves v. Hanlon*, 33 Cal.4th 1140, 1152, 17 Cal. Rptr. 3d 289 (2004) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1158, 131 Cal. Rptr. 2d 29 (2003)). An act is "independently wrongful" if it is "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id.*

BEI points only to the fact that ACI purchased inventory from Vendor A during the same time period that Vendor A was also selling to All Current. BEI's argument makes no sense. As a seller, Vendor A would be motivated to sell as

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF - 6

much material as it could in that six month window. BEI has no evidence that Vendor A was motivated not to sell to All Current because ACI was also purchasing goods from it. Even if it did, those motivations belong to Vendor A and cannot be imputed to ACI.

Assuming that ACI's use of Vendor A did have an effect on All Current's ability to purchase material (and it did not), ACI's purchase of goods from Vendor A amounts to no more than fair competition under California law. A competitor is free to offer, for its own competitive advantage, better contract terms, and "may make use of persuasion or other suitable means, all without liability." *Reeves*, 33 Cal.4th at 1152 (citing Restatement (Second) of Torts § 768 com. *i*. (1979)). The evidence will show that ACI and All Current were competitors in the electric motor parts gray market. Thus, ACI's purchases from Vendor A constitute fair competition, not interference, with All Current's ability to purchase parts from Vendor A. *See PMC, Inc. v. Saban Entm't, Inc.*, 45 Cal. App. 4th 579, 603, 52 Cal. Rptr. 2d 877 (1996), disapproved by *Korea Supply Co., supra,* on other grounds ("[I]n the absence of prohibition by statute, illegitimate means, or some other unlawful element, a defendant seeking to increase his own business may cut rates or prices, allow discounts or rebates, enter into secret negotiations behind the plaintiff's back, refuse to deal with him or threaten to discharge employees who do, or even refuse to deal with third parties unless they cease dealing with the plaintiff, all without incurring liability.") Because ACI's purchases constitute nothing more than fair competition, no interference with a prospective economic interest exists.

**E.     Plaintiff's Claim 5:  Conversion**

BEI claims entitlement to all of ACI's cash on hand and ACI's accounts receivables as of July 15, 2013. It is not.

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF - 7

Rather than wait until funds were actually received by ACI from its sales, the parties agreed that each month BEI would be paid its cost of goods sold and a special markup based on ACI's <u>gross</u> sales; that is, BEI got paid regardless of whether ACI had received payment. To make these calculations, the parties relied on ACI's profit and loss statements, which showed gross sales, rather than ACI's balance sheets, which bifurcated gross sales into those paid (cash on hand) and those with outstanding receivables (accounts receivables). The evidence will show that ACI consistently had outstanding accounts receivables of approximately $400,000 to $500,000 between 2005 and July 15, 2013, which supports ACI's position that BEI never waited until sales were paid for to get its portion of the partnership profits. Further, ACI's profit and loss statements show that BEI was paid its cost of goods and special markup each month through July 15, 2013. Awarding ACI's accounts receivables to BEI would allow BEI to "double dip" – that is, BEI would be paid twice for those sales for which a customer has not yet paid.

### F. Plaintiff's Claim 6: Declaratory Relief

BEI seeks declaratory relief on three issues: (1) BEI is the rightful owner, exclusively or jointly with ACI, of the data in Prophet 21; (2) BEI has the right to joint possession of the Transport Street premises; and (3) BEI is the rightful owner of ACI's cash-on-hand and accounts receivables as of July 15, 2013. It appears that BEI also may be claiming that it is entitled to the trade name B&B Electric Sales, but its Memorandum of Contentions of Facts and Law does not explicitly so state. *See* Dkt. #88, *compare* p. 5:8-13 (providing that BEI seeks declaratory relief on ownership of data in Prophet 21, joint tenancy of the Transport Street premises, and ownership of cash and accounts receivables, but not trade name) with p. 7:21-22 (providing that Beiner will testify he loaned the trade name to ACI).

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF - 8

### 1. BEI's Trade Secret Claim is Preempted

BEI's claim for possession of the data in Prophet 21 is based on the allegation that the data constitutes a trade secret; this claim is preempted by the California Uniform Trade Secret Act ("CUSTA"), Cal. Civ. Code § 3426, *et seq. See K.C. Multimedia, Inc. v. Bank of Am, Tech. & Operations, Inc.*, 17 Cal. App. 4th 939, 954, 90 Cal. Rptr. 3d 247 (2009) ("At least as to common law trade secret misappropriate claims, 'UTSA occupies the field in California.'") (quoting *AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 954 (N.D. Cal. 2003)); *see also Language Line Serv. v. Language Servs. Assoc., Inc.*, 944 F. Supp. 2d 775, 781 (N.D. Cal. 2013) (finding conversion claim preempted by CUTSA because the only arguable property converted was a trade secret); *Digital Envoy, Inc. v. Google, Inc.*, 370 F. Supp. 2d 1025, 1035 (N.D. Cal. 2005) (dismissing unfair competition statutory and common law claims and claim for unjust enrichment as preempted by CUTSA").

### 2. BEI is not Entitled to Joint Possession

BEI claims a right to joint possession of the leased offices and warehouse on Transport Street in Ventura County. Both ACI and BEI signed the lease as tenants. Originally BEI occupied the warehouse and ACI, the offices. The lease was entered into during the pendency of the parties' partnership. Since BEI dissociated itself from the partnership and sold its inventory to All Current, it no longer engages in the sale of electric motor parts.

When a partner dissociates itself from the partnership, it cuts off that partner's right to "participate in the management and conduct of the partnership business." Cal. Corp. Code. § 16603(1). A partner becomes dissociated from a partnership when it gives notice of its express will to dissociate. Cal. Corp. Code § 16601(1); *see also* Cal. Corp. Code § 16601(4)(B). Here, BEI did just that when it refused to sell any more inventory to ACI and sold it, instead, to All

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF - 9

Current. *Id.* Because BEI dissociated from the partnership on July 15, 2013, it has no right to joint possession of partnership property. Cal. Corp. Code § 16603(1). Moreover, it is unclear why BEI wants joint possession, other than to interfere with ACI, given that it no longer engages in the sale of electric motor parts or has a relationship with ACI.

### 3. ACI Owns Cash on Hand and Accounts Receivables

BEI seeks a declaration that it is the owner of the cash on hand and accounts receivables of ACI that had accrued as of July 15, 2013. For the reasons stated in Section I.E., *supra*, BEI is not entitled to those funds.

### 4. BEI Does Not Own the Trade Name B&B Electric Sales

ACI registered the trade name B&B Electric Sales in its name in 2004, one year before BEI even came into existence. Because ACI is the legal owner of the trade name, it is presumed to be the owner of the full beneficial title. To overcome this presumption, BEI must come forward with clear and convincing evidence that it is the beneficial owner. Cal. Evid. Code § 662 ("The owner of legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof."); *Tannehill v. Finch*, 188 Cal. App. 3d 224, 227, 232 Cal. Rptr. 749 (1986) (applying Evid. Code § 662 to personal property – title in mobile homes). BEI has no proof that it ever used the trade name B&B Electric Sales and will be unable to meet this high burden of proof.

## II. BEI'S AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS

Defendants ACI and Jennifer brought four counterclaims against BEI: two counts of breach of fiduciary duty and intentional and negligent interference with prospective economic advantage. Defendants' claims are based on BEI's conduct in negotiating for and then attempting to force a sale of ACI to All Current

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF - 10

without ACI's consent and on terms unfavorable to ACI. ACI's interference claims are based on BEI's actions of contacting vendors to dissuade them from doing business with ACI and helping All Current recruit one of ACI's salespersons away from ACI. All of these action cause ACI damage in the form of lost profits.

**A.     BEI's Affirmative Defense No. 1:  Justification/Wrongful Conduct**

ACI/Jennifer allege that BEI breached fiduciary duties owed to it on several grounds: (1) breaching its partnership agreement and selling all of its inventory to All Current; (2) negotiating the sale of ACI without informing Jennifer/ACI or obtaining consent. Again, BEI argues that ACI/Jennifer's failure to cooperate in selling ACI to All Current was wrongful, and BEI was justified in its actions. For the reasons stated above, BEI's actions were not justified and ACI's action in refusing the sale was not wrongful.

**B.     BEI's Affirmative Defense No. 2: Mitigation of Damages**

BEI claims that ACI and Jennifer failed to mitigate their damages because they refused to permit ACI to be sold to All Current. BEI's argument goes against California law and common sense. "The rule of mitigation of damages has no application where its effect would be to require the innocent party to sacrifice and surrender important and valuable rights." *Valle de Oro Bank v. Gamboa*, 26 Cal App. 4th 1686, 1691, 32 Cal. Rptr. 2d 329 (1994) (quoting *Seaboard Music Co. v. Germano*, 24 Cal. App. 3d 618, 623, 101 Cal. Rptr. 255 (1972)). Thus, refusal to cooperate in BEI's ill-advised attempt to force ACI's sale to All Current is not a failure to mitigate damages. Indeed, contrary to BEI's allegations, the evidence will show that ACI/Jennifer did attempt to mitigate their damages by purchasing inventory from other suppliers, rather than sit passively by and let ACI go out of business.

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF - 11

### C. BEI's Affirmative Defense No. 3: Unclean Hands

BEI claims the defense of unclean hands. Specifically, BEI cites ACI/Jennifer's refusal to cooperate in the sale to All Current and the retention of the funds in ACI's accounts receivables and cash on hand as wrongful acts. These claims need no further discussion. *See* Sections I.A., I.B., I.E., *supra*.

In addition, BEI claims Jennifer was untruthful about business operations in obtaining credit to purchase inventory after BEI instructed her that ACI was no longer to sell any of BEI's inventory. But a claim of unclean hands must relate to the transaction on which the litigation is based. *See Kendall-Jackson Winery, Ltd. v. Superior Court*, 76 Cal. App. 4th 970, 979, 90 Cal. Rptr. 2d 743 (1999) (holding that the inequitable conduct alleged must relate directly to the subject matter of the lawsuit in which unclean hands is alleged). Here, the representations Jennifer made to a third party bank to obtain credit for ACI to use to purchase inventory has no bearing on the dispute between the parties, which relates to the terms of the partnership agreement and whether either party breached those terms. "The trial of the issue relating to clean hand cannot be distorted into a proceeding to try the general morals of the parties." *Unilogic, Inv. v. Burroughs Corp.*, 10 Cal. App. 4th 612, 621, 12 Cal Rptr. 741 (1992). No reason exists to make any factual determinations about the accuracy of information reported to ACI's bank; such inquiry will not inform any claim before the Court.

### D. BEI's Affirmative Defense No. 4: In Pari Delicto

BEI argues that if statute of frauds applies, it applies equally to ACI/Jennifer. As an initial matter, ACI/Jennifer abandoned their affirmative defense of the statute of frauds. Further, the statute of frauds does not apply because the partnership between ACI/BEI could have been performed in less than one year. *See* Cal. Civ. Code § 1624.

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF - 12

RESPECTFULLY SUBMITTED AND DATED this 10th day of February, 2015.

               TERRELL MARSHALL DAUDT
                & WILLIE PLLC

By: /s/ Mary B. Reiten, CSB #203412
     Beth E. Terrell, CSB #178181
     Email: bterrell@tmdwlaw.com
     Mary B. Reiten, CSB #203412
     Email: mreiten@tmdwlaw.com
     936 North 34th Street, Suite 300
     Seattle, Washington 98103-8869
     Telephone: (206) 816-6603
     Facsimile: (206) 350-3528

*Attorneys for Defendants Adam Caldwell, Inc. and Jennifer Caldwell*

DEFENDANTS ADAM CALDWELL, INC. AND
JENNIFER CALDWELL'S TRIAL BRIEF - 13

# CERTIFICATE OF SERVICE

I, Mary B. Reiten, hereby certify that on February 10, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Brook J. Carroll, CSB #210659
> Email:  bcarroll@clarkeversonlaw.com
> Email:  kking@clarkeversonlaw.com
> CLARK EVERSON
> 200 North Westlake Blvd., Suite 201
> Westlake Village, CA 91362
> Telephone:  (805) 322-4949
> Facsimile:  (805) 322-4958

*Attorneys for Plaintiff*

DATED this 10th day of February, 2015.

> TERRELL MARSHALL DAUDT
>   & WILLIE PLLC
>
> By:   /s/ Mary B. Reiten, CSB #203412
> Mary B. Reiten, CSB #203412
> Email:  mreiten@tmdwlaw.com
> 936 North 34th Street, Suite 300
> Seattle, Washington  98103-8869
> Telephone: (206) 816-6603
> Facsimile: (206) 350-3528
>
> *Attorneys for Defendants Adam Caldwell, Inc.*
> *and Jennifer Caldwell*